[No. 10,463.]

# PEOPLE v. SPRAGUE.

CRIMINAL LAW — MURDER — ORDER FOR EXECUTION. — Section 1227 of the Penal Code confers upon a defendant convicted of murder the right to be present in court when the order for his execution is made, and such an order made in his absence is erroneous.

ID.—APPEALABLE ORDER.—Such an order is appealable.

APPEAL from an order for the execution of a judgment of death, in the First District Court, County of Ventura.

*Creed Haymond*, and *J. M. Brooks*, for Appellant.

*Attorney-General*, for Respondent.

In bank, Ross, J.:

The prisoner was indicted for murder, and was afterward tried and convicted of murder in the first degree, and adjudged to suffer death. A warrant of execution was thereafter signed by the Judge, attested by the clerk, and delivered to the Sheriff, pursuant to § 1217 of the Penal Code, appointing the 27th day of September, 1878, as the day on which the judgment should be executed. An appeal was taken to this Court from the judgment of conviction, upon the hearing of which the judgment was affirmed, and the Court below directed to fix a day for its execution. The remittitur was duly issued, and was filed in the Court below prior to the 4th day of November, 1879. The District Court, on the day last named, in the absence of the defendant, who was at the time in the jail of the county, made an order directing that the judgment of death be executed on the 5th day of December, 1879. From this order the defendant prosecutes this appeal, and the execution has been stayed pending the appeal. The ground of the appeal is that the Court erred in making the order in the absence of the defendant.

It was claimed at the argument on the part of the people, that the order is not an appealable one; but we think there is no doubt that it is. Section 1237 of the Penal Code provides that: " An appeal may be taken by the defendant:

" 1st. From a final judgment of conviction;

" 2nd. From an order denying a motion for a new trial;

" 3rd. From any order made after judgment, affecting the substantial rights of the party."

The order in question clearly comes within the third subdivision of this section.

Section 1227 of the Penal Code is as follows :

" If for any reason a judgment of death has not been executed, and it remains in force, the court in which the conviction was had, on the application of the District Attorney, must order the defendant to be brought before it, or, if he is at large, a warrant for his apprehension may be issued. Upon the defendant being brought before the court, it must inquire into the facts, and, if no legal reasons exist against the execution of the judgment, must make an order that the Sheriff execute the judgment at a specified time. The Sheriff must execute the judgment accordingly."

In our opinion, this section of the statute does not admit of construction. The language is plain and unambiguous, and the case before us clearly comes within its provisions. By its terms the Legislature has conferred upon the defendant the right to be present in court when the order for his execution is made, and the courts have no power to deprive him of it.

Order reversed and cause remanded, with directions to the Court below to proceed in the cause in accordance with law.

Remittitur forthwith.

MORRISON, C. J., McKINSTRY, J., MYRICK, J., THORNTON, J., and SHARPSTEIN, J., concurred.