[No. 10,771.—In Bank.]
October 11, 1882.

## THE PEOPLE *v.* SING LUM.

JUDGMENT—ENTRY OF JUDGMENT NUNC PRO TUNC—NEW TRIAL.—After the conviction of the defendant of the crime of murder in the first degree, through some inadvertence in the Court below, the judgment was not entered in the minutes of the Court; and upon a former appeal from the judgment and the order denying a new trial, the appeal from the judgment was dismissed on that ground, and the order denying a new trial affirmed on the merits. Upon the filing of the remittitur, the Court made a *nunc pro tunc* order, directing the judgment to be entered in the minutes as of the date of its rendition; and after a refusal by the Court to permit the defendant to move for a new trial, on the ground that such a motion had already been made and determined, it was so entered. *Held:* There was no error in refusing to entertain a second motion for new trial.

ID.—ORDER FOR EXECUTION—PRESENCE OF DEFENDANT—PRESUMPTION.— A defendant convicted of murder in the first degree is entitled to be

present when the order for his execution is made; but unless the contrary appears from the record, it will be presumed that he was present.

ID.—ID.—ORDER TO SHOW CAUSE.—The purpose of Section 1227, Penal Code, is in the nature of an order to show cause; and where no reason exists why the judgment of the Court should not be executed, it is the duty of the defendant, when brought into Court, to present it.

APPEAL from a judgment of conviction, and from an order denying a new trial, and from other orders, in the Superior Court of the City and County of San Francisco. FREELON, J.

*Darwin & Murphy*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

ROSS, J.:

The defendant was convicted of the crime of murder in the first degree. He made a motion for a new trial which was denied. Afterwards the trial Court pronounced judgment of death against him. Through some inadvertence in the Court below the judgment was not entered in the minutes of the Court. The defendant appealed to this Court from the order denying his motion for a new trial and attempted to appeal from the judgment pronounced against him. On the hearing of the appeal this Court affirmed, on the merits, the order denying the new trial, and dismissed the appeal from the judgment because there was no judgment in the record. After the filing of the remittitur from this Court in the Court below, that Court made a *nunc pro tunc* order directing the judgment to be entered in the minutes as of the date of its rendition; and it was so entered. The defendant excepted to this action of the Court, and asked to be permitted to move for a new trial on certain specified grounds. This motion the Court refused to entertain, because one such motion had already been made and determined. Thereupon the Court made an order fixing the day for the execution of the judgment.

It is claimed on the part of defendant that he was entitled to be present when the order for his execution was made. So he was. (§ 1227, Penal Code; *People* v. *Sprague*, 54 Cal. 92.) But it does not appear from the record that he was *not* present, and in support of the regularity of the proceedings of the

Court below the presumption is indulged that he was. The bill of exceptions recites: "Be it also remembered that after the order of the entry of the said judgment *nunc pro tunc*, and before the order made that the Sheriff execute the judgment on the second day of September, 1881, the Court did not call on the defendant for any legal reasons against the execution of said judgment, and did not inquire into the facts, nor into any facts, but made said order without giving defendant any opportunity to show any cause against the same, and no cause was shown against the said order, nor passed upon by said Court, and that the defendant, by his attorney, then and there excepted to said order, and all parts of the same, and his said exceptions were duly allowed." If the defendant was not personally present, the bill of exceptions ought to have said so. Presuming, as we must, that he *was* present, if there were any facts needing inquiry by the Court, he ought to have presented them. The purpose of Section 1227 of the Penal Code is in the nature of an order to show cause, and where any reason exists why the judgment of the Court should not be executed, it is the duty of the defendant, when brought into Court, to present it. The record discloses no offer on his part to show any such cause. There was was no error on the part of the Court in refusing to entertain a second motion for a new trial.

Judgment and orders affirmed.

MORRISON, C. J., SHARPSTEIN, MYRICK, McKINSTRY, THORNTON, and McKEE, JJ., concurred.