STATE *ex rel.* KOTILINIC v. SWENSON, Warden.

1. Rev. Code Cr. Proc. § 219, abolishes all forms of pleading in criminal actions and the rules by which the sufficiency of the pleading is to be de-

termined other than those prescribed by the Code, and sections 221, 229, provide that an indictment shall contain the title of the action, specifying the name of the court, the names of the parties, and a statement of the acts constituting the offense in ordinary and concise language, and that it shall be sufficient if the statement of the acts is clearly set forth in ordinary and concise language, so as to enable a person of common understanding to know what is intended. Held, that an indictment for murder, alleging that accused did shoot and mortally wound deceased with a certain loaded pistol, of which mortal wound deceased died on the second day after receiving such wound, was sufficient, though it contained no formal charge of murder, did not allege that defendant held the firearm in his hand, or aver that he discharged the contents thereof into the body of deceased, or state what part of the body was wounded.

2. In prosecutions for felony the personal presence of the accused is only required at such times as is specially prescribed by statute.

3. Where, in a criminal prosecution, the records showed that the prisoner was duly arraigned and pleaded to the indictment, that he was personally present at the impaneling of the jury by whom he was tried, and gave testimony in his own behalf before them, it would be presumed that he continued to be present until after the verdict was received, in the absence of a showing by the record to the contrary.

(Opinion filed June 11, 1904.)

Appeal from circuit court, Minnehaha county; Hon. Joseph W. Jones, Judge.

Habeas corpus by the state, on the relation of Frank Kotilinic against O. S. Swenson, to obtain relator's discharge from imprisonment. From an order quashing the writ, relator appeals. Affirmed.

*Joe Kirby,* for appellant.

The presence of the defendant is absoluely necessary throughout the trial and the record must disclose his presence under our constitution and laws. Sec. 2 and 7, art. 6, Bill of Rights, S. D. Const.; Sec. 301, Rev. Cd. Crim. Proc.; Lewis

v. U. S., 146 U.S. 370; Hooker v. Com., 13 Gratt. 763; Dunn v. Com., 6 Barr. 384; Hopt. v. Utah, 110 U. S. 574; Ball v. Utah, 140 U. S. 118; Hamelton v. Cone, 16 Pa. 129; Schwab v. Berggren, 143 U. S. 442; Prine v. Com., 18 Pa. 103; Lamb v. State, 36 Wis. 424; Dyson v. State, 26 Miss. 362; Crain v. U. S., 162 U. S. 625; Shelp v. U. S., 81 Fed. 694; Hughes Crim. Law, sec. 3370-7; 4 Am. and Eng. Encyl. Law, (1st Ed.) 815; French v. Wis., 21 L. R. A. 402; Territory v. Day, 37 Pac. 806; State v. Mannion, 45 L. R. A. 639; Bell v. State, 24 S. W. 419; McQuillen v. State, 8 S. and M. 587; Dougherty v. Com., 69 Pa. 286; Brown v. State, 24 Ark. 620; Holton v. State, 2 Flor. 500; Gladdin v. State, 12 Flor. 562; Rutherford v. Com., 78 Ky. 639; State v. Elkins, 63 Mo. 159; Maurer v. People, 43 N. Y. 1; Jones v. State, 26 O. St., 208; Nolan v. State, 55 Ga. 521; State v. Craton, 28 N. C. 164; Waller v. State, 40 Ala. 333; Rex v. Streek, 2 Car. & P. 413; Shipp v. State, 11 Tex. App. 46; People v. Kohler, 5 Cal. 72.

It will not be presumed that because the record shows the prisoner present at one day of the trial that he was therefore present on the following days. State v. Jones, 61 Mo. 232; Scaggs v. State, 8 Smeads & M. 722; State v. Collins, 30 N. C. 407; State v. Cross, 27 Mo. 332; State v. Schoenwald, 31 Mo. 147.

The indictment must contain somewhere therein the direct charge of murder. Wharton's Crim. Pl. and Pr., 8 Ed., sec. 260; Wharton's Crim. Law, 8 Ed., sec. 518; Cain v. State, 8 Tex. 387.

It is essential to allege in an indictment for murder by shooting that the defendant held the firearm in his hands, that he discharged the contents thereof into the person of the de-

ceased, also the part of the body then mutilated must be alleged so that the court may say if the wound is mortal. State v. Myers, 12 S. W. 16; Dias v. State, 7 Blackf. 20; Wise v. State, 2 Kan. 49; State v. Jones, 20 Mo. 58; Nelson v. State, 1 Tex. App.; Smith v. State, 43 Tex. 643.

*Philo Hall*, Atty. Gen., for respondent.

It is not necessary that specific statements as to each stage of the proceeding and the presence of the defendant appear, but the same rule may be applied as to all records that the same should be considered as a whole and reasonably construed as to what the statements therein contained show. It is sufficient if the record shows the defendant's presence by necessary or reasonable implication. State v. Brown, 29 Fla. 543; State v. Mickelsen, 46 La. Ann. 1172; Commonwealth v. Snodgrass, 89 Va. 679; Jeffries v. Commonwealth, 12 Allen 145.

It is not necessary that the records should show in direct terms that the defendant was personally present at the time of the rendition of the verdict and during all of the proceedings of the trial. However necessary it may be that such should have been the fact, it is not necessary to recite in the record. The record shows that he was present at the arraignment and present to receive his sentence. When the record shows that the defendant was in court at the opening of the session the presumption is that he continued in court during the entire day and this presumption has been extended to the whole trial. To the same effect are the following authorities: Wharton's Crim. Plead. & Prac., sec. 7557; State v. Lewis, 69 Mo. 92; Kie v. U. S., 27 Fed. Rep. 351; Cluvenius v. Commonwealth, 81 Va. 787; Folden v. State, 13 Neb. 328; Irving v. State, 19 Fla. 872; People v. Sing Lum, 61 Cal. 538; People v. Jung Quong Sing, 70 Cal. 469; Territory v. Yarberry, 2 New Mex. 391.

The presumption is in favor of the regularity of the proceedings in the trial court and the error must affirmatively appear.    Powel's Appellate Proceeding, sec. 50, page 326; Wharton's Crim. Plead. & Prac., sec. 779-80.

No indictment or information is insufficient nor can the trial, judgment or other proceeding thereon be affected by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.    Rev. Code Crim. Proc., sec. 230; State v. Shields, 13 S. D. 466; State v. LaCroix, 8 S. D. 369.

HANEY, J.    This appeal is from an order of the circuit court remanding appellant to the custody of the warden of the state penitentiary.    From the warden's return to the writ of habeas corpus it appears that the appellant is detained under and by authority of a judgment of imprisonment for life, rendered by the circuit court within and for Buffalo county upon a conviction for murder.

It is contended that the appellant's detention is unlawful (1) because the indictment upon which he was convicted is not sufficient to sustain the judgment under which he is held, and (2) because it does not appear from the minutes of the court that appellant "was present at the alleged trial at any time between the 5th and 8th day of June, during which the trial proceeded."    The indictment, omitting the title of the action, reads as follows:    "The grand jurors of the state of South Dakota within and for the county of Buffalo duly and legally impaneled, charged and sworn according to law in the name and by the authority of the state of South Dakota, upon their oaths present:    That Frank Kotilinic, late of said county, on the 27th

day of January, in the year of our Lord one thousand nine hundred and one, at the county of Buffalo and state of South Dakota, with force of arms, wilfully, unlawfully, feloniously, with malice aforethought, and with a premeditated design to effect the death of Tony Kotilinic, a human being, did then and there make assault upon the said Tony Kotilinic; and that the said Frank Kotilinic, with a certain pistol loaded with gunpowder and bullets, did then and there wilfully, unlawfully, feloniously, with malice aforethought, and with a premeditated design to effect the death of said Tony Kotilinic, shoot and mortally wound the said Tony Kotilinic, of which mortal wound the said Tony Kotilinic, on the 29th day of January, A. D. 1901, at the said county of Buffalo, did die, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of South Dakota." As we understand the argument of counsel, the objections urged to the pleading are these: (1) It does not contain a direct formal charge of murder; (2) it fails to aver that defendant held the firearm in his hand; (3) it fails to aver that he discharged the contents thereof into the person of the deceased; and (4) it fails to state what part of the body was wounded, so the court might determine whether the wound was mortal. It may be necessary, at common law, in an indictment for murder, to state as a conclusion from facts previously averred, that the defendant "feloniously did kill and murder," or something equivalent thereto, but such a formal conclusion is not required in this jurisdiction. Here all the forms of pleading in criminal actions and rules by which the sufficiency of pleadings is to be determined are those prescribed by the Code of Criminal Procedure. Rev. Code Cr. Proc. § 219. "The indictment must contain: (1)

The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties. (2) A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Id. § 221. It is sufficient if the statement of the acts constituting the offense "is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Id. § 229. It is "the acts constituting the offense," not the conclusion of the pleader as to what crime such acts constitute, which is required. Facts are demanded, not conclusions of law, or obsolete technical phrases. The principal office of the indictment is to inform the accused of the "nature and cause of the accusation against him"; to be thus informed being one of his most important constitutional rights. State Const. art 6, § 7. How can the required object be better attained than by stating the acts constituting the alleged offense "in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended." Our rules of pleading in criminal actions are simple, sensible, and clearly constitutional.

The words used in an indictment must be construed in their usual acceptation in common language, except words and phrases defined by law, which are to be construed according to their legal meaning. Rev. Code Cr. Proc. § 227. In the indictment under discussion it is alleged, in substance, that the accused did shoot and mortally wound the deceased with a certain loaded pistol, of which mortal wound the deceased died on the second day after receiving such wound. An established

definition of the word "shoot" is "to strike with anything shot; to hit with a missile; often, to kill or wound with a firearm; followed by a word denoting the person or thing hit, as an object." Web. Dict. The fact that the death of the deceased was caused by means of a bullet intentionally fired into his body by the accused could not be more "clearly and distinctly set forth" than it is by the "ordinary language" found in this indictment. No person of "common understanding" could possibly fail "to know what was intended." In states where the common-law rules of pleading prevail it may be necessary, on authority, to aver, in what part of the body the wound was received; but, though the place of the wound be alleged, whether necessarily or not, it is sufficient to prove that it was in any part producing the death averred. Bishop, New Cr. Proc. § 521. And, since the place of the wound need not be proved as alleged, and so gives the defendant no information of practical value, Mr. Bishop concludes that, on principle, no allegation as to the particular location of the wound is necessary. Id. § 526. A variance between the allegation and proof as to the place of the wound being immaterial, we are satisfied that under our system of criminal procedure an indictment is sufficient which alleges the wound to be mortal, without further description. Hence we conclude that the indictment in this action would be good if assailed by a demurrer; and, if so, it certainly should be sustained when attacked collaterally, as it is in this proceeding.

Notwithstanding it is established by the pleadings in this proceeding that the appellant was in fact present during the trial which resulted in his conviction, it is contended that the judgment under which he is imprisoned is a nullity because the

record of conviction does not disclose his presence "at any time during which the trial proceeded." Assuming that the presence or absence of the accused during the trial of a felony can be ascertained alone from the record of the court wherein he was convicted, and that an inquiry touching the question is proper in a habeas corpus proceeding, we will proceed to determine what this record of conviction discloses, and what the law requires regarding personal presence in criminal cases. It appears on the face of the record that the indictment was returned on June 4, 1901; that the appellant was personally present and arraigned on the same day; that he was personally present and entered the plea of not guilty on June 5th; that the jury was selected and sworn on June 6th; that on the same day certain witnesses were sworn and examined on behalf of the state, and certain others, among whom was Frank Kotilinic, on behalf of the defendant; that on June 8th the court charged the jury; that on the same day the verdict was returned, and judgment pronounced in the personal presence of the appellant. Thus it appears affirmatively that the proceedings from the return of the indictment to the rendition of judgment took place on four days; that the appellant was personally present for arraignment, to plead, to receive the verdict, and to receive sentence; and that he was personally present on three of the four days in which any action appears to have been taken in his case. If the indictment is for a felony, the statute requires the defendant to be personally present at the trial. Rev. Code Cr. Proc. § 301. The trial begins when the jury has been impaneled and sworn. It ends when the judge has concluded his charge. Id. § 350. Where a felony is charged, the defendant is also required to be personally pres-

ent at the time of arraignment, when the verdict is received, and when judgment is pronounced. Id. §§ 244, 398, 437, 444. His personal presence is not necessary at times other than those prescribed by the statute. Territory v. Gay, 2 Dak. 125, 2 N. W. 477 Can we conclude that appellant was personally present at the trial? Concerning the determination of this question the authorities are conflicting. In California it was held that, unless the contrary appears from the record, it will be presumed that the accused was present at a time required by the statute. People v. Sing Lum, 61 Cal. 538. On the other hand, it was held in Wisconsin that no presumption will be indulged to supply the record in a criminal case, where it does not show the necessary fact of the prisoner's presence. French v. State, 55 N. W. 566, 21 L. R. A. 402, 39 Am. St. Rep. 834. Between these two extremes are numerous decisions to the effect that it is sufficient if the fact of the defendant's presence can, by fair intendment, be collected from the entire record. Schirmer v. People, 33 Ill. 276; Stephens v. People, 19 N. Y. 550; Brown v. State, (Fla.), 10 South. 736; Folden v. State, 13 Neb. 328, 14 N. W. 412; Jeffries v. Commonwealth, 12 Allen 145; State v Cartwright, 10 Or. 193; Territory v. Yarberry, 2 N. M. 391. In Brown v. State, supra, this language is used: "In felonies it is necessary that the accused be personally present during the progress of the trial, including the judgment or sentence of the court imposing the penalty of the law. But, while it is best always to have the record show directly and affirmatively that the accused was personally present at each and every stage of the trial, yet it will be sufficient if it appear therefrom by necessary and reasonable implication that he was present." In Jeffries v. Commonwealth, supra, the

rule is thus stated:    ''Nor is it necessary that the record should in direct terms state that the party was personally present at the time of the rendition of the verdict, and during all the previous proceedings of the trial.    However necessary it may be that such should have been the fact, it is not necessary to recite it in the record.    The record shows that he was present at the arraignment, and present to receive his sentence.''    Mr. Chief Justice LAKE, speaking for the court in Folden v. State, supra, says:    ''And, lastly, it is urged that the record fails to show affirmatively that the prisoner was present in court when the jury brought in their verdict.    This point was not made in the motion for a new trial, and therefore, even if it could otherwise be regarded as fatal to the judgment, it is too late to raise it now.    Dodge v. The People, 4 Neb. 220.    The record, however, does show that the prisoner was duly arraigned, and pleaded to the indictment; that he was present at the impaneling of the jury who tried him, and gave his own testimony as a witness before them.    With these facts, it would be altogether unreasonable to presume from the mere silence of the record on that point that he was absent when the verdict was received by the court.    Where the record once shows the presence of the prisoner at his trial, it will be presumed to have continued to the end, unless the contrary is affirmatively shown.    The presumption is, rather, that the trial court did its duty than that it did not.''    Supported by the foregoing authorities, and others that might be cited, we have no hesitancy in concluding, from the facts appearing on the face of the record, that the appellant was personally present during the trial which resulted in his conviction.

The order appealed from is affirmed.