[Crim. No. 2680. In Bank.—April 11, 1924.]

# In re Application of ERNEST B. D. SPAGNOLI for a Writ of Habeas Corpus for ISAAC WOLFGANG.

[1] CRIMINAL LAW—SECTIONS 1193 AND 1227, PENAL CODE—REMEDIAL PROVISIONS — APPLICATION TO PENDING PROCEEDINGS. — The provisions of sections 1193 and 1227 of the Penal Code as amended in 1923 are purely remedial and procedural in their nature and may be applied to proceedings pending at the time of their enactment, unless some substantial right of the prisoner should be prejudiced thereby.

[2] ID.—AFFIRMANCE OF JUDGMENT—REIMPOSITION OF SENTENCE—EFFECT OF—PRESENCE OF DEFENDANT.—The reimposition of sentence upon a prisoner without requiring him to be again brought before the court for that purpose, after affirmance on appeal of a judgment previously pronounced when defendant was present in court imposing the death penalty and fixing the day for the execution thereof, did not constitute the pronouncement or rendition of a judgment, but upon the going down of the *remittitur* amounted, in effect, to nothing more than the fixing of a date for carrying into execution of the judgment which became final and conclusive by affirmance on appeal.

[3] ID.—SECTION 1227, PENAL CODE, AS AMENDED IN 1923—CONSTRUCTION.—Conceding that the provisions of section 1227 of the Penal Code, prior to its amendment in 1923, were in the nature of an order to show cause, and that the effect thereof was to place upon the defendant when thus brought before the court the affirmative duty of then and there showing cause, if any he had, why the judgment should not be carried into execution, it does not follow therefrom that the amendment of the section deprives the defendant of any substantial right.

PROCEEDING in Habeas Corpus to secure release of convicted prisoner from custody. Writ discharged and prisoner remanded.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Petitioner.

U. S. Webb, Attorney-General, and W. F. Cleary, Deputy Attorney-General, for Respondent.

THE COURT.—The prisoner was convicted of murder in the first degree and judgment was pronounced imposing the death penalty and fixing the day for the execution thereof, prior to the 1923 amendments to sections 1193 and 1227 of the Penal Code. Thereafter, upon appeal to this court, the judgment was affirmed. (*People* v. *Wolfgang*, 192 Cal. 754 [221 Pac. 907].) Upon the going down of the *remittitur* the trial court followed the procedure prescribed in the amended sections and "reimposed" sentence upon the prisoner without requiring him to be again brought before the court for that purpose.

It is petitioner's contention that the defendant is entitled as of right to be again brought before the trial court for the reimposition of sentence as provided in section 1227 of the Penal Code, as the same existed at the time of his trial and conviction. [1] The statutory provisions are purely remedial and procedural in their nature and we see no reason why they should not be given application to proceedings pending at the time of their enactment, unless some substantial right of the prisoner should be prejudiced thereby. The requirements of section 1193 of the Penal Code as it existed prior to the amendment were fully complied with.

[2] The prisoner was present in court at the time of the pronouncement of judgment herein. The reimposition of sentence does not constitute the pronouncement or rendition of a judgment. The original judgment herein became final and conclusive upon its affirmance by this court. The reimposition of sentence upon the going down of the *remittitur* amounted, in effect, to nothing more than the fixing of a date for carrying into execution of that judgment.

[3] It may be conceded that the provisions of section 1227, prior to its amendment, were in the nature of an order to show cause, and that the effect thereof was to place upon the defendant when thus brought before the court the affirmative duty of then and there showing cause, if any he had, why the judgment should not be carried into execution. But it does not follow therefrom that the amendment of the section deprives the defendant of any substantial right. It is not contended herein that any legal

ground exists against the carrying into execution of the judgment herein. If any such ground does exist there are ways and means still open to the defendant under the existing provisions of law by which he may effectively avail himself thereof.

The writ is discharged and the prisoner remanded.