[Crim. No. 2875. In Bank.—January 26, 1926.]

In the Matter of the Application of HARRY GARBUTT for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—APPEAL—AFFIRMANCE OF JUDGMENT—REIMPOSITION OF SENTENCE—PRESENCE OF DEFENDANT.—The provisions of sections 1193 and 1227 of the Penal Code, as amended in 1923, permitting the trial court to reimpose sentence upon the defendant without requiring him to be again brought before the court for that purpose, after affirmance on appeal of the judgment previously imposed upon him, do not deprive him of any substantial rights and are not unconstitutional or void.

---

(1) 16 **C. J.**, p. 1293, n. 9 New.

APPLICATION for a Writ of Habeas Corpus to secure the release of petitioner from the State Prison after reimposition of sentence. Denied.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli and Walter F. Lynch for Petitioner.

The COURT.—Harry Garbutt, in whose behalf this application for a writ of *habeas corpus* is urged, was convicted of murder in the first degree, and the death penalty was

---

1. See 8 **Cal. Jur.** 487.

imposed. On appeal to this court, the conviction was affirmed. (*People* v. *Garbutt*, 197 Cal. 200 [239 Pac. 1080].) Upon the going down of the *remittitur*, the trial court followed the procedure prescribed in sections 1193 and 1227 of the Penal Code as amended in 1923, and "reimposed" sentence upon the defendant without requiring him to be again brought before the court for that purpose. The defendant is now confined in the state prison at Folsom, awaiting execution on the date fixed.

[1] It is urged in support of the petition now filed that sections 1193 and 1227 of the Penal Code, as amended, are unconstitutional and void in that they permit the trial court to confer particular privileges and impose peculiar restrictions and disabilities upon a class arbitrarily selected from a larger number of persons, all of whom stand in the same relation to the privileges granted and burdens imposed, and between whom and the persons not so favored or burdened no reasonable distinction or substantial difference can be found justifying the inclusion of one and the exclusion of the other. Otherwise stated, the point is that under the sections, *supra*, the trial court is given the power either to have the defendant personally present when sentence of death is reimposed or to reimpose sentence of death during the absence of the defendant.

On behalf of petitioner several decisions of this court have been cited, among them *People* v. *Sprague*, 54 Cal. 92, and *People* v. *Sing Lum*, 61 Cal. 538. These cases hold that, by the provisions of the sections, *supra*, as they stood at the time the opinions were handed down, the legislature conferred upon a defendant the right to be present in court when the order for his execution was made. The identical situation presented by the present petition was considered by this court in *In re Application of Spagnoli for a Writ of Habeas Corpus for Isaac Wolfgang*, 193 Cal. 472 [225 Pac. 274], and it was held that the amendment of the sections did not deprive the defendant of any substantial rights. On a writ of error to the supreme court of the United States, the decision of this court was affirmed. (*Wolfgang* v. *People* (U. S.), 70 L. Ed. (Adv. 236), 46 Sup. Ct. Rep. 206.

The petition is denied.