[Crim. No. 3971. In Bank.—March 16, 1936.]

THE PEOPLE, Respondent, v. CLARENCE De MOSS, Appellant.

Tom Okawara for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

WASTE, C. J.—The defendant De Moss was convicted of the crime of murder of the first degree, and the death penalty was imposed. On appeal, the judgment and order denying a motion for new trial were affirmed. (*People* v. *De Moss*, 4 Cal. (2d) 469 [50 Pac. (2d) 1031].) Subsequent to the going down of the *remittitur*, the trial court, in the absence of the defendant, proceeded to reimpose sentence upon the defendant, and pursuant to the provisions of section 1193 of the Penal Code, as amended in 1935 (Stats. 1935, p. 1867), appointed January 3, 1936, as the date on which the judgment should be executed. This date was not less than thirty days nor more than forty-five days from the date of the order.

Subsequently, on January 24, 1936, the trial court, again in the absence of the defendant, made an order fixing April 3, 1936, as the date for the execution of the defendant. From each of these orders the defendant has appealed, and the attorney-general now moves to dismiss each of the appeals.

In support of his appeal from the order of December 2, 1935 (fixing January 3, 1936, as the date of execution), the appellant relies upon the contention that the order was void because made in the absence of the defendant; and on the further ground that, as to him, section 1193, as amended in 1935, was *ex post facto,* having been enacted after the date of the crime of which he was convicted.

At the time of the commission of the crime, October 14, 1934, Penal Code, section 1193, provided that upon receipt of the *remittitur* of the reviewing court, the trial court should forthwith make and cause to be entered a new order, pronouncing sentence anew against defendant, and appointing a day upon which the judgment should be executed, *which must not be less than sixty days nor more than ninety days from the time of making such order.* In 1935, and while this appeal was pending, section 1193 was amended to provide that the new date of execution must be *not less than thirty days nor more than forty-five days from the time of making such order.* The section, both in its old form and as amended, provided and provides that in such case sentence may be reimposed in the absence of the defendant.

But it is obvious that there is a hopeless inconsistency as to the time element between the original section and the section as amended. It would be impossible to fix a date that would

satisfy both provisions. In making the order of December 2, 1935, the trial judge assumed to act under the amended section which was in force at that date. As applied to this defendant, such act was clearly *ex post facto*, and within the prohibition of article I, section 10, clause 1, of the federal Constitution and of article I, section 16, of the Constitution of California. The authorities uniformly hold such provisions as section 1193, as amended in 1935, to be *ex post facto*, if applied to crimes committed prior to the enactment of the law, and the attorney-general so concedes. Consequently, we must hold the order of the trial court made on December 2, 1935, to be null and void as to this appellant. The appeal from that order was a valid appeal until January 2, 1936. On that date, the Governor granted the defendant a reprieve to March 27, 1936. The defendant was therefore not executed on January 3d for two reasons: The trial court had become convinced of its error in proceeding under section 1193, as amended in 1935; and the Governor, by granting the reprieve, had caused the time for execution to be carried beyond the date attempted to be fixed in the void order. The purported order, assuming it had any effect, no longer has any force. The question to which it was sought to be applied has become moot, and the appeal from the order made December 2, 1935, must be dismissed.

 The appeal from the order made on January 24, 1936, fixing April 3, 1936, as the date of execution, presents a different situation. The order, according to the record purports to have been made by the trial court pursuant to the provisions of section 1227 of the Penal Code. It fixes the date of execution after the expiration of the Governor's reprieve, and safely within the time limits provided by section 1227 and also section 1193 of the Penal Code as applicable to this case—not less than sixty days nor more than ninety days from the time of making the order.

Section 1227 expressly provides that there shall be no appeal from an order fixing the time for and directing the execution. Section 1193 expressly provides that sentence may be reimposed upon the defendant in his absence. The language of section 1227 is susceptible of the same interpretation. It was held in *In re Garbutt*, 198 Cal. 30 [243 Pac. 420], that these sections permitted the trial court to reimpose sentence

upon a defendant then confined in the state prison awaiting execution on a date fixed.

The appeals from the two orders are, and each is, dismissed.

Thompson, J., Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.