### STATE v. CHURCH.

Although a court may, in its discretion, permit a jury in a criminal cause to separate during the intervals of the trial, they should be kept to-gether after a final submission of the case; and where a separation oc-curs before a verdict is reached, but after retirement to the jury room, and is of such a character that one or more of the jurors might have been improperly influenced by others, and there is nothing reliable to show that such influence has not been exercised to the prejudice of the accused, the verdict should be vacated and the case be retried.    KEL-LAM, J., dissenting from decision on the ground that it is conclusively shown by the record that the defendant was not prejudiced by the ir-regularity complained of.

(Syllabus by the Court.    Opinion filed August 3, 1895.)

On rehearing.    For former report, see 6 S. D. 89.    Former decision dis-affirmed—judgment reversed and new trial ordered,

The facts are stated in the opinion.

*F. E. Van Liew* and *Bennett & Sheldon* for plaintiff in error.

*Coe I. Crawford,* attorney general and *Lee Stover,* state's attorney, for defendant in error.

FULLER, J. Plaintiff in error was tried and convicted of the crime of selling intoxicating liquors in violation of the statute, and the case which is now before us on rehearing is reported in 60 N. W. 143. The legal effect of a separation of the jury after their retirement for deliberation, and before a verdict was returned, is the only point that will receive any further attention, and the facts essential to an understanding and determination thereof are substantially as follows: After the jury had retired and entered upon a deliberation of the case, under the instructions of the court, the bailiff was by the court directed to take the members thereof in a body to a restaurant for dinner; that one of the jurors while returning from dinner to the jury room with the bailiff and his fellow jurors, and without separating from either, stopped on the way at his own place of business, and gave some attention to a personal business matter in no way connected with the suit; and afterwards, while 11 of the jurymen so accompanied by the bailiff were waiting outside the building, the same juror went into a certain place of business and ordered a bill of merchandise to be sent to his place of residence. It also appears that, while on the way from dinner to the jury room, another member of the jury stepped into a grocery store and purchased a package of tobacco, while his fellow jurors and the bailiff remained on the street at the front door of said place of business. Concerning the whereabouts, of the bailiff and other members of the jury while these men were in the stores, the evidence used, on the motion for a new trial, is somewhat conflicting; but, as the view we shall take of a subsequent separation of the jury is decisive of the appeal, and involves no question of veracity, no further attention will be paid to the irregularities above mentioned. Shortly after the jury had returned from dinner and resumed their deliberations in one of the

apartments of the court house, adjacent to the room in which court was then in session, it was discovered that the court house was on fire; and, from the undisputed evidence of the bailiff (who, by reason of his position, is an interested witness), it appears that, pursuant to a direction of the court to take the jury out of the court house and keep them together as much as possible, until the fire was extinguished, he took them into the court house yard, which was filled with people, and for about five minutes they were not in his immediate vicinity, but were mixed up in a promiscuous crowd of excited people, who had been drawn to the place by reason of the fire.   Under section 7399 of the Compiled Laws, it is within the discretion of the trial court, under the required admonition, to allow the jury in a criminal prosecution to separate at any time before the case is submitted to them, or he may require the jury to be kept in charge of officers, who "must be sworn to keep the jurors together until the next meeting of the court, to suffer no person to speak to or communicate with them, nor to do so themselves on any subject connected with the trial, and to return them into court at the next meeting thereof"; but we know of no statutory provision which authorizes a court to permit a jury to which a criminal cause has been finally submitted to separate, after they have retired for deliberation to the seclusion of a jury room.   If, from any cause or accident, a jury in a criminal case is prevented from being kept together after a final submission of the same, the jury may, under sections 7413 and 7415, be discharged and the cause may be again tried at the same or at another term as the court may direct; and, in express terms, the separation of a jury without leave of court, after retiring to deliberate upon the verdict, is made a ground for a new trial, under section 7450; and our attention has been called to no statutory provision nor judicial determination imposing the burden upon the accused to show that he has been injured by reason of such separation after a final submission of the case.   If one separation of a jury on account of fire for five minutes without leave of the court in a criminal prosecution, after retiring to their room for deliberation, is not an irregu-

larity presumptively prejudicial to the accused, how often, for what length of time, and under what circumstances, may they not separate? We believe the true and only safe rule to be that, where the separation is such that one or more of the jurors might have been improperly influenced by others, and there is nothing reliable to show that such influnce has not been exercised to the prejudice of the accused, the verdict shall be vacated, and the case be retried.

It will be seen, from the sections above cited, that our legislature has avoided uncertainty and confusion by enacting a law unlike the statutes of many of the states, because it makes no distinction, in the application of the rule, between misdemeanors and cases of felony. As the case under consideration does not require us to determine whether any separation of a jury in violation of the statute vitiates the verdict, as a matter of law, regardless of circumstances, and that the presumption of contamination occasioned by such impropriety and irregularity cannot be rebutted by the affidavits of the jurors themselves, we cite without comment the following cases, some of which seem to go to that extent: People v. Backus, 5, Cal. 275; Cantwell v. State, 18 Ohio St. 477; State v. Harris, 12 Nev. 114; Jumpertz v. People, 21 Ill. 374; State v. Parrant, 16 Minn. 178 (Gil. 157); Com. v. Roby, 12 Pick. 496; State v. Garig (La.) 8 South. 934; State v. Harrison (W. Va.) 15 S. E. 982; Keenan v. State, 8 Wis. 132; State v. Cucuel, 31 N. J. Law, 249; State v. Prescott, 7. N. H. 287. Mr. Abbott, in his Trial Brief for Criminal Causes, at page 180, announces the following as a general rule: "In the discretion of the court, the jury may be permitted to separate, in the intervals of the trial, until the case is finally committed to them, but not thereafter until they have returned their verdict." It is a matter of common knowledge that contrariety of motives prompt the best, as well as the worst, members of society to visit the scene of a threatened conflagration; and, under the circumstances of this case, in the absence of anything to the contrary, we cannot presume that no member of the jury, while out of sight of the sworn officer, sep-

arated from his fellows, and mingled with the jostling throng, was subjected to contaminating influences; and we therefore dis-affirm our former decision, reverse the judgment, and order a new trial.

KELLAM, J. (dissenting).    I do not concur in this decision. It may be that the legal effect of the separation of a jury, generally, after the submission of a criminal case to them, is more accurately stated in the foregoing than in our former opinion, and that, considering that question only, the trial court should have found, upon a motion for a new trial, that there has been an illegal and prejudicial separation; but in my judgment, that does not determine this case, nor justify this court in sending the case back for another trial.    The statute under whose coercion it is claimed this judgment must be reversed is referred to in the foregoing opinion, and is section 7450, Comp. Laws.    It says the trial court "has power to grant a new trial when a verdict has been rendered against the defendant, by which his substantial rights have been prejudiced, upon his application in the following cases only. *   *   *   3.    When the jury have separated without leave of the court, after retiring to deliberate upon their verdict.  *   *   *" This statute evidently contemplated that, even after submission, there may be a separation of the jury with the leave of the court. In this case the circumstances of the separation were as follows: When it was announced in court that the court house was on fire, the judge, in hurriedly leaving the bench, made the only order which it was practicable to make under the circumstances.    He directed the bailiff to take the jury out of the building into the yard, and to keep them together as much as possible until the extent of the fire could be ascertained.    In attempting to carry out the order of the court, the bailiff did not succeed in keeping the jury together.    It is a fact, as stated by the bailiff, that for a few minutes, "possibly five at the extreme," a portion of the jurors were not in the immediate vicinity" of the officer, but that, within that time, he got them and kept them in a body and under his immediate supervision. The verdict of the jury was against the defendant, and the trial court refused him a new trial.    I think the

court was right. The statute starts out with declaring a condition upon which, only, the trial court "has power to grant a new trial." That condition is when the defendant's "substantial rights have been prejudiced." That can only be when the cause assigned as a ground for a new trial may have, in some manner or to some extent, influenced the verdict. If, upon testimony, competent, specific, positive, uncontroverted, and unimpeached, either directly or indirectly, the jury return the only verdict which, under their oaths, they could conscientiously return, the condition of prejudice to substantial rights of the defendant does not exist, and the trial court ought not to be reversed because it sees it and acts accordingly.

But it is urged that, in the decision of the question of the legal effect of the separation of the jury, the court cannot consider the merits. This is right, to the extent that the court ought not to take upon itself the power of weighing conflicting evidence, and making its decision depend in such case upon its own view of what the evidence proves; but it is not right to the extent that the trial court must shut its eyes to the fact that the evidence was absolutely all one way, and that any other verdict than that rendered could only be returned by flagrant disregard by the jurors of their oaths. Armleder v. Lieberman, 33 Ohio St. 77, though a civil case, was in all other respects singularly like this. The statute regulating the conduct of the jury after retirement, and providing for a new trial on account of irregularities or misconduct of the jury, is set out in the opinion, and is not materially different from our own. In that case, a fire broke out in the immediate vicinity of the court house, and "suitors, witnesses, members of the court, and officers rushed in great haste out of the court house." Two or three of the jurors were "without the presence of the officers in charge, standing on the steps of the court house, and mixing with the crowd on the outside." The court, after reciting the statute, says: "Section 268 of the code, whether considered mandatory or directory merely, clearly requires that jurors remain together during the term of their deliberation, except when permitted to sep-

arate by order of the court. Yet, every departure from its letter will not be treated as an irregularity or misconduct on the part of the jury such as to require the verdict to be set aside. When, from the irregularity or misconduct of the jury, there is reason to believe a fair trial has been prevented, or that the verdict is the result of bad motive, it should be set aside. Many of the old rules regulating the conduct of the jury after retiring to the jury room to consider of their verdict have been abrogated. They are now to be treated as reasonable men, and their conduct will be considered and judged in the light of the circumstances under which they acted, as well as the motives which influenced the conduct to be considered. The separation of this jury was an irregularity, and, technically, might be called misconduct. But what are the circumstances inducing the separation? While deliberating, an alarm of fire is heard in the jury room. The fire is blazing in a large block of buildings near the jury room. The court, officers, attorneys, witnesses, all in demoralized eagerness, are hastening from the court house. The jurors see and hear all this, and, partaking of the general feeling of excitement, and perhaps curiosity, are let out of their jury room,—not to do an unlawful act; not with the purpose to violate their oath or smirch their verdict. The act of separation was technically a violation of the statute, but involved no moral wrong, and in our opinion, could not in any degree tend to prevent a fair trial or an honest verdict.   *   * * * Upon the whole, we thing the rule that will best secure the desired result would be that, in cases where the irregularity or misconduct of the juror appears to have operated in favor of the successful party, and, as a necessary consequence, to the prejudice of the unsuccessful party, a new trial should be granted. On the other hand, where it appears that it has produced no such result, the verdict should be permitted to stand." And so I say, in this case, that the record itself absolutely disproving, as it does, that such separation did or could have tended "to prevent a fair trial or an honest verdict," the irregularity worked no prejudice to defendant's substantial rights, and so was no ground for a new trial.

It was an irregularity only in the conduct of a legal jury, and, like any other irregularity, did not require a retrial of the case, where it affirmatively appeared that defendant suffered nothing from it. It is unlike the case of a fundamental defect in the composition or character of the jury, over which the court has no control.

The contention here is not that the defendant has been practically injured, or that a different verdict could have properly been rendered upon the evidence, if the jury had been hermetically sealed in an impenetrable box, but that an abstract rule of law will offended against unless this verdict, though right, is set aside, and the ceremony of another trial repeated. The rule was made to protect suitors from corrupt and dishonest verdicts; but to set aside a confessedly right verdict is to force a presumption of prejudice against an established contrary fact, to apply the rule to a case for which it was never intended, and, generally, to sacrifice substance to shadow. I confess I am unable to comprehend why the vitiating effect of a separation should be avoided by affidavits showing no approach to, or interference with, the jury, as a means of showing no prejudice, and yet the duly-certified record, so conclusively proving the very objective fact of non-prejudice, should be so sedulously excluded from the consideration of the court. Nothing more is here involved than the application of the familiar rule that non-prejudicial error or irregularity is no ground for a new. trial. This same section (subdivision 5) makes it equally a ground for a new trial "when the court has misdirected the jury in a matter of law"; but, in this very case, as will be seen by reference to our former opinion, we find and hold that the trial court did so misdirect the jury; and yet none of us thought a new trial should be granted on that account. As to that, we said the misdirection, though error, was immaterial, because it was evident that it could not have influenced the verdict. In this case, it is not claimed, or even suggested, that, upon the simple question of whether or not the defendant sold "lagar beer" without permit, the verdict could, upon the evidence, have rightfully been otherwise than as it was. That question of fact settled, the law, as construed by the court,

holds the charged offense proved, and the defendant guilty. It is however, urged that upon the question of guilty or not guilty the jury is supreme; and that it may find the defendant not guilty, though the evidence is conclusively the other way. To the extent that this is true it is unfortunately so; but, upon the evidence in this case, the verdict of the jury was absolutely right, and for that reason the separation of the jury could have resulted in no predudice to the defendant; and I am unwilling to now vacate it, and send the case back for another trial, upon the strength of the suggestion that another jury might exercise the prerogative of disregarding the evidence and their obligation, and so might return a verdict of acquital upon evidence requiring a verdict of guilty.