## STATE v. PEARSE.

1. The personal presence of accused in a criminal prosecution is not necessary, under Rev. Code Cr. Proc. §§ 301, 350, except from the impaneling of the jury to the charge, and under sections 244, 398, 437 and 444, at arraignment, receipt of verdict and sentence.

2. Where, on appeal, the record showed that accused, when called on to answer the information, was present in court, and personally entered a plea; that the cause was brought on for trial, and he was sworn and testified; and that the jury in the presence of the accused, delivered its verdict—it would be presumed that he was present at all times required by the Code.

(Opinion filed January 25, 1905.)

Error to circuit court, Lyman county; Hon. FRANK B. SMITH, Judge.

James M. Pearse was convicted of grand larceny, and he brings error. Affirmed.

*1. N, Auld* and *S. H. Wright*, for plaintiff in error

*Philo Hall*, Atty. Gen., for the State. . .

FULLER, J. Under an information charging plaintiff in error with the crime of grand larceny, he was tried, found guilty as charged, and sentenced to a term in the penitentiary.

Under the theory that the record fails to disclose the presence of the accused at any time essential to the trial, a reversal is sought for reasons specified as follows: "Because plaintiff in error was never arraigned upon the information upon which he was tried, nor called upon to enter a plea thereto, and that he has never entered any plea to said information, as is manifest of record. That plaintiff in error was not present in court when the jury was selected to try said action. Because plaintiff in error was not present in court during the trial of said action, nor when the jury rendered their verdict finding him guilty of grand larceny." "If the indictment is for a felony, the statute requires the defendant to be personally present at the trial. Rev. Code Cr. Proc. § 301. The trial begins when the jury has been impaneled and sworn. It ends when the judge has concluded his charge. Id. § 350. Where a felony is charged, the defendant is also required to be personally present at the time of arraignment, when the verdict is received, and when judgment is pronounced. Id. §§ 244, 398, 437, 444. His personal presence is not necessary at times other than those prescribed by the statute. Territory v. Gay, 2 Dak. 125,

2 N. W. 477." State v. Swenson, 18 S. D. 196, 99 N. W. 1114. While the record of the trial was not kept as contemplated by the statute, nor in a manner sufficiently definite to enable the clerk to copy and certify his minutes correctly without a repeated effort, we find therefrom that James M. Pearse at the June term, 1903, was arraigned on the 9th day of that month, and called upon to plead to informat on No. 13, in which he was "charged with stealing horses," and "pleads not guilty. Date of trial, June 17th, 1903. Verdict, guilty of grand larceny. Date of sentence, June 18, 1903." It further appears that the accused testified at the trial on his own behalf, and the clerk further certifies that the following minutes of the trial are found on page 118 of court journal No. 1: "James M. Pearse pleads not guilty to information No. 13." Omitting the caption and sentence of the court, administered in due form and personally to the accused, the judgment of conviction also recites that "said defendant being duly arraigned upon the said information on the 9th day of June, A. D. 1903, A. B. Chubbuck, Esq., appearing as counsel for said defendant upon such arraignment, duly entered in open court his oral plea of not guilty of the charge in said information contained; and, said cause being regularly brought on for trial upon the issue joined therein, A. B Chubbuck, Esq., appearing as counsel for said defendant, and John G. Bartine, state's attorney, appearing for the prosecution, before the court and a jury duly and legally impaneled and sworn to try said cause, on the 17th day of June, A. D. 1903, and the jury, having heard the evidence adduced on behalf of the state of South Dakota and on behalf of said defendant, on the 17th day of June, A. D. 1903, returned into open court, in the presence of

said defendant, their oral verdict: 'We, the jury, find the defendant, James M. Pearse, guilty of grand larceny.' "

According to the rule governing appellate procedure, the duly authenticated record and minutes of the trial cannot be contradicted in this court, and every material recital in a judgment of conviction imports absolute verity. Wright v. Sherman, 3 S. D. 367, 53 N. W. 425; 2 Cyc. 859; Morgan v. State, 51 Neb. 672, 71 N. W. 788; Gray v. State, 63 Ala. 66; Taylor v. Commonwealth, 44 Pa. 131; People v. Rozelle (Cal.), 20 Pac. 36; Reynolds v. State (Fla.), 16 South. 78; Anderson v. Commonwealth, 100 Va. 860, 42 S. E. 865. The record affirmatively shows that the accused, when called upon to answer the information, was present in court, and personally entered a plea of not guilty; that the cause was brought on regularly for trial upon the issue thus raised, and he was sworn and testified on his own behalf; that the jury, after hearing all the evidence, and in the presence of the accused, returned into court and delivered its verdict. The presumption that the defendant was personally present at all times required by statute is therefore entertainable. In Folden v. State, 13 Neb. 328, 14 N. W. 412, Justice LAKE, in speaking for the court, uses the following language. "Where the record once shows the presence of the prisoner at his trial, it will be presumed to have continued to the end, unless the contrary is affirmatively shown."

Finding no error in the record, the judgment appealed from is affirmed.