STATE, Respondent, v. GOODNOW, Appellant.

(170 N. W. 661).

(File No. 4442.   Opinion filed February 11, 1919.)

1. **Incest—Evidence—Catheter Sent to Pregnant Daughter by Defendant, Evidence Re Purpose of Sending, Admissibility—Error.**

Where, in a prosecution for incest committed by defendant upon his daughter, who had testified she was pregnant at time when defendant had sent to her a suit case containing certain articles including a catheter and a bottle of liquid whose character was undisclosed, such evidence being introduced to show guilty intent, but being unaccompanied by testimony as to the purpose of sending the catheter, the prosecution having assumed it was sent to her to be used to produce an abortion, **held,** that trial court erred in refusing to allow defendant, who had admitted he had placed the catheter in the suit case, to testify as to why he had sent it; there being no evidence to show that such instrument can be used for no other purpose than to produce an abortion, common knowledge being to the contrary.

2. **Witnesses—Credibility of Contradicted—Falsus In Uno, Falsus In Omibus, Instruction Re—Rule.**

In a prosecution for incest, prosecuting witness, defendant's daughter, having given certain testimony which was improbable, and who was flatly contradicted by testimony of other witnesses for state, and all her testimony being contradicted by defendant, there being sufficient of her uncontradicted testimony however to warrant conviction if believed by jury, **held,** that trial court erred in refusing to instruct by applying the rule falsus in uno, falsus in omibus; since, if jury believed

part of her testimony to be false, they were at liberty to disbelieve and disregard it all.

3. **Trial—Misconduct of State's Attorney—Prosecution for Incest, Improper Reference to Defendant's Whipping of Another Child.**

The reference by the state's attorney in his closing argument to the jury in a prosecution for incest upon defendant's eldest daughter, to an injury inflicted by defendant on one of his younger children with a buggy whip, was improper and should have been excluded by trial court; since, if said statement were true, it showed defendant to have been shockingly cruel, and after having heard testimony relating to such injury, jury would very naturally have felt that defendant deserved conviction and punishment, although there may not have been sufficient evidence to satisfy them that he committed the offense charged.

4. **Trials—Misconduct of State's Attorney—Prosecution for Incest— Remarks Re Excellency of Defendant's Deceased Wife, Her Sufferings From Defendant, Impropriety Of—Trial Court's Duty.**

In such prosecution, the state's attorney's remarks to jury, calling attention to his belief that defendant's deceased wife "was one of the best women in the world," that he believed she suffered "more hardships" and her "life was more cruel than any person I have ever heard of," that she was "a true woman, and I have but one fault to find with * * *, and that is that she didn't kill that snake before she had been married to him more than three years," were highly improper, there being no evidence showing defendant was ever unkind or in anywise mistreated his wife, and if there were, it would be wholly immaterial; that such exhibition by a state's attorney can have no other effect than to inflame and prejudice juror's minds against defendant, and ought not to be tolerated by trial court; that where court refuses to check the making of such remarks jury is likely to accept court's silence as an endorsement of what is being said, and grave danger exists that jury will take such improper matter into consideration in making up their verdict.

Appeal from Circuit Court, Sanborn County. Hon. Frank B. Smith, Judge.

The defendant, Harry Goodnow, was convicted of the crime of incest, and he appeals. Reversed.

*Null & Royhl,* and *T. J. Spangler,* for Appellant.

*Clarence C. Caldwell,* Attorney General, and *L. L. Lawson,* State's Attorney, for Respondent.

(2) To point two of the opinion, Respondent cited:

Blashfield's Instructions, section 380; White v. Maxey, 64 Mo. 552.

(3) To point three, Appellant cited:

State v. Robinson, (Ia.), 152 N. W., 590.

Respondent cited:

Burdick v. Haggart (N. D.), 22 N. W. 589; State v. Gartrell (N. W.), 71 S. W. 1045; Crocker v. People (Ill.), 72 N. E. 743.

POLLEY, J.    Appellant was tried upon an information charging him with the crime of incest, and from a judgment of conviction he appeals to this court.

A number of the assignments relate to certain conduct of the prosecution and rulings of the trial court, preliminary to the trial.    Some of these assignments present matters that cannot occur on another trial, and others are not likely to arise again, and, as the judgment must be reversed on other grounds, these assignments need not be further noticed.

[1] The appellant is a widower with seven children.    The oldest of these is a girl who at the time of the trial was 17 years old, and it was with her that the alleged crime is charged to have been committed.    At about the time of the arrest of the appellant, all of his children, including the prosecutrix, were committed to the custody of the sheriff, to be held as witnesses at the trial.    Shortly thereafter, appellant sent to the prosecutrix a suit case containing certain articles, among others a catheter and a bottle containing liquid of some kind, though what kind of liquid does not seem to have been disclosed.    Without anything to show the purpose of sending the catheter, it was introduced in evidence. The prosecutrix had testified that she was pregnant at that time, and it was assumed by the prosecution that the catheter was sent to her by defendant to be used to produce an abortion.    Appellant, when upon the witness stand, admitted that he had placed the catheter in the suit case, and his counsel asked him why he had sent it.    This question was objected to on the ground that it called for the conclusion of the witness.    The objection was sustained and error is assigned.    Appellant should have been allowed to answer this question.    If there had been evidence to show that a catheter is an instrument that can be used for no other purpose than to produce an abortion, or if it were an instrument

known to have no other use, a different question would be presented. But there is no such evidence, and we know, as a matter of common knowledge, that it is susceptible of other and legitimate uses. The purpose of its introduction was to show guilty intent on the part of appellant, and he should have been given the same opportunity to rebut or to break the effect of such evidence as any other, and should have been given an opportunity to explain his purpose if he could. He might have been able to show that it was sent for a perfectly legitimate purpose.

[2] The defendant requested the court to charge the jury:

"That if they find that any witness has knowingly testified falsely in any important matter in the trial of this case, the jury are at liberty to disregard the entire testimony of such witness, except where such witness is corroborated by other competent evidence."

The request was refused and error is assigned. This instruction is peculiarly appropriate in this case, and the refusal to give it constituted reversible error. Some of the testimony of the prosecutrix, improbable at best, was flatly contradicted by the testimony of other witnesses for the state, and all her testimony was contradicted by the defendant. There was sufficient of her testimony, however, that was not contradicted by any witness for the state, to warrant a conviction provided such testimony was believed by the jury. The jury may have believed that the part of her testimony that was contradicted by other witnesses for the state to have been false and still felt it incumbent upon themselves to accept as true all of her testimony that was not contradicted by other witnesses for the state. But this is not the correct rule. If they believed part of her testimony to be false, they were at liberty to disbelieve and to disregard it all, and they should have been so instructed by the court.

[3] Appellant contends that he was prejudiced by references, made by the state's attorney in his closing argument to the jury, to an injury inflicted by appellant on one of his younger children with a buggy whip. The testimony relating to said injury, if true, showed appellant to have been shockingly cruel, and, after having heard the testimony relating thereto, the jury would very naturally have felt that appellant deserved conviction and punishment, although there may not have been sufficient evidence to

satisfy them that he committed the offense charged in the infor-
mation. But the offense disclosed by this testimony was in no
wise related to the offense charged in the information. It was
wholly immaterial to any issue in the case, and all reference to
that affair, either in the testimony or in the argument, should
have been excluded by the court. But this question is not pre-
sented by any proper assignment, and therefore cannot be a
ground for reversal.

[4] Appellant also contends that he was prejudiced and pre-
vented from having a fair trial by certain other alleged miscon-
duct of the state's attorney. During the closing argument to the
jury, the state's attorney made the following remarks to the jury:

"There is one thing I want to call your ttention to, that I
believe above everything else, and that is that I believe Mrs.
Goodnow, who is now dead and undoubtedly reaping her reward,
was one of the best women in the world. I believe she suffered
more hardships, I believe life was cruel, more cruel, to her than
any person I have ever heard of. I believe she was a good wom-
an, a true woman, and I have but one fault to find with Mrs.
Goodnow, and that is that she didn't kill that snake before she
had been married to him more than three years."

The making of these remarks was highly improper. In the
first place, there is not a scintilla of evidence in the record to show
that the defendant was ever unkind or in any wise mistreated his
wife, and, if there was, it would be wholly immaterial to the
issues in this case. Counsel for appellant repeatedly objected to
the making of such remarks while they were being made; but the
court failed to make any ruling on such objections or to give the
matter any attention whatever. Such exhibitions as this by a
states attorney, and especially at a stage of the trial when defen-
dant's counsel has no opportunity to say anything to change the
impression produced, can have no other effect than to inflame and
prejudice the minds of the jurors against the defendant, and
ought not to be tolerated by a trial court. Where a trial court
refuses to check a prosecuting attorney when making such re-
marks as the above, the jury is likely to accept the court's silence
as an indorsement of what is being said, and there is grave dan-
ger that the jury will take such improper matter into consider-
ation when making up their verdict. But this matter, like the one

just considered, is not presented by a proper assignment, and for that reason cannot be a ground for reversal, and such matters are reviewed here only in order that they may be avoided in case of another trial.

The judgment and order appealed from are reversed.