**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Juan Joe ROSALES, Defendant and Appellant.**

No. 13114.

Supreme Court of South Dakota.

Submitted on Briefs Jan. 8, 1981.

Decided March 4, 1981.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Steven D. Rich, Rapid City, for defendant and appellant.

FOSHEIM, Justice.

This appeal is from the judgment of conviction entered upon a jury verdict finding appellant guilty of first-degree burglary. We affirm.

In the early evening hours of November 8, 1979, Jack Mittler returned from work to his basement apartment in the Neva Mac-Kaman residence in Rapid City. While in his apartment, he heard footsteps on the main floor above and, knowing that Mrs. MacKaman was absent on vacation, decided to investigate. He went upstairs where he noticed broken glass by the entrance and observed that a hallway light was turned on. He returned to the basement and called the police.

Officers Christopher Grant and Eugene Bussell of the Rapid City Police Department, who were patrolling the area in separate cruisers, immediately responded to the call. As the officers approached the rear of the MacKaman house, Officer Grant heard the backdoor slam. He then rounded the corner and observed appellant descending the backsteps from the house with a microwave oven in his arms. This oven was later determined to belong to Mrs. MacKaman.

While the officers were handcuffing and searching appellant, Officer Grant observed another man approaching the backdoor from inside the house. Grant pursued and apprehended the second suspect in the living room. That individual was Louis Darlington. Appellant and Darlington were taken into custody and charged with first-degree burglary.

On the day of the scheduled joint jury trial, the co-defendant, Darlington, failed to appear and his attorney was unable to locate him. Appellant moved for a continuance in order to produce the testimony of Darlington. The trial court denied the motion, and the trial proceeded absent the co-defendant.

Appellant contends that the trial court abused its discretion in refusing to grant a continuance. His defense was based primarily upon his purported diminished capacity due to ingestion of alcohol and drugs on the day of the incident. According to appellant's testimony, he consumed a large amount of alcohol on that day and, in addition, he claimed to have taken L.S.D. provided by Darlington. As a result, appellant claims, he blacked out and remembers very little of what occurred that evening. Apparently, Darlington's testimony was intended to support that defense.

A trial may be postponed pursuant to SDCL 15–11–4 "upon good cause

shown." * This Court has repeatedly stated that the granting of a continuance is within the sound discretion of the trial court, and its ruling will not be reversed unless there has been a clear abuse of discretion. *State v. Hickey*, 287 N.W.2d 502 (S.D.1980); *State v. Lohnes*, 266 N.W.2d 109 (S.D.1978); *State v. Pickering*, 245 N.W.2d 634 (S.D.1976); *State v. Barcley*, 88 S.D. 584, 225 N.W.2d 875 (1975).

In denying appellant's motion, the trial court stated:

> The reason I'm denying your motion is there's no showing that Mr. Darlington will even take the witness stand to testify and there's no way on behalf of a co-defendant, you could force him to take the witness stand and testify. Whether he testifies or not is a decision that only he can make at trial.

That a co-defendant in a criminal trial may not be compelled to testify is so axiomatic citation of authority is not required. In stating his reason for seeking a continuance, defense counsel said he "anticipate[d]" Darlington would testify with regard to appellant's ingestion of L.S.D. No further showing was made. Appellant himself testified at length and without objection concerning his drug usage on the date of the crime. The proffered testimony would thus have been cumulative, *State v. Hickey*, supra, and we accordingly conclude that the trial court did not abuse its discretion in refusing to grant a continuance.

▪ Appellant next contends that the trial court erred in giving Instruction No. 21, which reads:

> If you believe that any witness has knowingly sworn falsely to any material fact in the case, you may reject all of the testimony of any such witness.

Appellant points out that this *"Falsus in Uno, Falsus in Omnibus"* instruction is not favored in some jurisdictions and claims that, in this case, it effectively implied to the jury that appellant's testimony was false. The propriety of this instruction has been questioned on numerous occasions, and we have consistently held that, where the veracity of a witness is in question, this instruction should be given. *Cox v. General Motors Acceptance Corp.*, 59 S.D. 588, 241 N.W. 609 (1932); *State v. Hall*, 59 S.D. 98, 238 N.W. 302 (1931); *State v. Hanley*, 58 S.D. 191, 235 N.W. 516 (1931); *State v. Wilcox*, 48 S.D. 289, 204 N.W. 369 (1925); *State v. Goodnow*, 41 S.D. 391, 170 N.W. 661 (1919). The instruction "applies equally to the testimony of all witnesses in the case." *State v. Wilcox*, supra, 48 S.D. at 294, 204 N.W. at 371.

▪ Appellant next contends that the prosecutor's remarks during closing argument were prejudicial and denied him a fair trial. The questioned argument stated:

> Or you might want to ask yourself, "Why is it that this particular person, who can't remember much of anything, would tell us that there are people who can remember some of these things, for example the drinking, both the drinking of the beer and the drinking of the whiskey?" Didn't we all hear there are other people involved? I heard their names. I guess they're still in town, but all we heard was from the Defendant.

Defense counsel immediately objected; the trial court sustained the objection, ordered the remarks stricken, and promptly admonished the jury.

Appellant claims that the prosecutor's comments indicated to the jury that the accused bears the burden of establishing his innocence. We are not convinced that the remarks were improper or that a reasonable, intelligent jury would have understood the comments to shift the burden of proof to appellant. We have consistently approved of statements alluding to the fact that the accused has failed to produce other witnesses or evidence. *State v. Winckler*, 260 N.W.2d 356 (S.D.1977); *State v. Best*, 89 S.D. 220, 232 N.W.2d 459 (1975); *State v.*

---

* SDCL 15–11–4 reads:

> When an action or proceeding is called for trial or hearing, or at any time previous thereto, the court or judge may, upon good cause shown, direct the trial or hearing to be postponed to another day of the same or next term, or to such time as shall be just in view of all the circumstances.

*Brown*, 81 S.D. 195, 132 N.W.2d 840 (1965); *State v. Knapp*, 33 S.D. 177, 144 N.W. 921 (1914). It appears that the prosecutor's remarks were directed at calling attention to the state of the evidence, and such statements are permissible. *State v. Winckler*, supra.

 Finally, appellant contends that various instances of prosecutorial misconduct, including elicitation of testimony concerning matters not in evidence, operated to deny him a fair trial. The State concedes, and we agree, that certain aspects of the prosecution in this case were less than commendable. *Cf. State v. Brim*, 298 N.W.2d 73 (S.D.1980). However, we cannot conclude that the error complained of was prejudicial. Prejudicial error is that which in all probability must have produced some effect upon the final result, *Matter of M. B.*, 288 N.W.2d 773 (S.D.1980); *Larson v. Locken*, 262 N.W.2d 752 (S.D.1978); *State v. Pirkey*, 24 S.D. 533, 124 N.W. 713 (1910), and, as we noted in *State v. Kidd*, 286 N.W.2d 120, 121–22 (S.D.1979), "no hard and fast rules exist which state with certainty when prosecutorial misconduct reaches a level of prejudicial error which demands reversal of the conviction and a new trial; each case must be decided on its own facts." In light of the strong evidence of guilt produced at trial in this case, we cannot say that the error affected the final result or that the conduct in question was so detrimental to appellant's right to a fair trial that his conviction must be reversed. *State v. Kidd*, supra; *State v. Kindvall*, 86 S.D. 91, 191 N.W.2d 289 (1971).

The judgment of conviction is affirmed.

All the Justices concur.

