WOLLMAN, Chief Justice.
This is an appeal from a judgment of conviction of the crime of manslaughter in the second degree. SDCL 22-16-20.[1] We affirm..
An automobile driven by defendant struck the rear of a semi-trailer truck near the town of Gayville at about 2:00 a. m., June 7, 1980. Both vehicles were traveling east on Highway 50 at the time of the accident. The truck driver testified that he signaled to change from the right-hand to the left-hand eastbound lane in order to turn north onto a county highway approximately one mile west of Gayville. After changing lanes he saw defendant’s headlights in his mirrors, estimating that defendant was approximately one-quarter mile behind him also in the left-hand lane. The truck driver further testified that his *863 left-turn signals continued to operate as he slowed to make the northbound turn. He estimated that he was traveling twenty miles per hour when, his turn nearly completed, the left rear tires of the truck were struck by defendant’s car. The passenger in defendant’s automobile died at the scene from injuries received in the collision. An analysis of the blood sample taken from defendant shortly after the accident revealed a blood alcohol level of .25 percent.
Defendant testified that he and the accident victim had been celebrating defendant’s birthday during the evening hours of June 6 by driving around in the Yankton area and drinking beer. Defendant testified that he could remember nothing of the events that occurred between 1:00 a. m. and 2:30 p. m. on June 7.
One month before trial defendant asked to examine the notes and minutes of the grand jury proceedings. The order to produce this information was granted ten days later, but on the day before trial the State had yet to comply. On the day of trial defendant filed a motion to dismiss the charges against him on the ground that the information required to be kept by SDCL 23A-5-6 was not made available pursuant to the court’s order, whereupon the trial court asked the state’s attorney to explain the noncompliance.[2] The state’s attorney replied that the clerk of the grand jury had taken the minutes of testimony home with him instead of filing them with the clerk of courts: “He [the grand jury clerk] has been contacted by the Clerk, but saw fit not to bring whatever minutes he had in. He was requested to do so, but said he didn’t want to.”
After observing that the grand jury minutes would have been summary in nature rather than a verbatim account, the trial court inquired whether the state’s attorney desired to place of record any grand jury testimony that defense counsel might not be aware of and which might be helpful to defendant. The state’s attorney then gave a narrative summary on the record of the testimony of the four witnesses that had appeared before the grand jury, after which the trial court denied defendant’s motion, finding that defendant had not been prejudiced by the failure of the clerk to file the minutes pursuant to SDCL 23A-5-6. The trial court also ruled that the motion to dismiss was untimely.
The first issue raised on appeal is whether the trial court erred when it refused to dismiss the charge for the failure of the State to comply with the discovery order. We hold that it did not.
Although a trial court’s order for the production of evidence must be expeditiously carried out and obeyed, State v. Sahlie, 90 S.D. 682, 245 N.W.2d 476 (1976), not every failure to produce evidence as ordered is, without more, prejudicial error. Marshall v. State, 305 N.W.2d 838 (S.D.1981); State v. Reiman, 284 N.W.2d 860 (S.D.1979). Defendant did not request a continuance to enable him to examine the grand jury clerk. Moreover, there is no hint that the state’s attorney did not fully and fairly comply with the trial court’s suggestion that he verbally disclose the substance of the testimony given before the grand jury. The State did not offer previously undisclosed evidence at trial. Accordingly, in view of the lack of showing of any prejudice to defendant, we hold that the trial court did not abuse its discretion in denying defendant’s motion to dismiss. See SDCL 23A-13-17.[3]
*864 The second issue is whether the trial court erred in denying defendant’s motion for a judgment of acquittal. In support of his contention that the State had failed to introduce sufficient evidence to support the jury’s finding that he had recklessly caused his passenger’s death, defendant points to the absence of testimony regarding the manner of his driving or the speed of the car immediately prior to the collision.
In reviewing the sufficiency of the evidence to support a conviction, we must accept “that evidence, and the most favorable inferences that can be fairly drawn therefrom, which will support the verdict.” State v. Zobel, 81 S.D. 260, 263, 134 N.W.2d 101, 102 (1965). SDCL 22-1-2(1)(d) provides:
The words “reckless, recklessly” and all derivatives thereof, import a conscious and unjustifiable disregard of a substantial risk that the offender’s conduct may cause a certain result or may be of a certain nature. A person is reckless with respect to circumstances when he consciously and unjustifiably disregards a substantial risk that such circumstances may exist[.]
When viewed in the light most favorable to the verdict, the evidence in this case is sufficient to prove beyond a reasonable doubt that defendant was reckless. Defendant was shown to be highly intoxicated' at the time of the collision. The state chemist who analyzed the blood sample testified that:
At a blood alcohol level of .25 percent by weight, an individual would be seriously detrimentally affected by this alcohol. His reaction time would be greatly increased, he would have a problem with his muscular coordination. Judgment would also be affected.
In addition, at the time of the collision the weather was clear; the road where the accident occurred was level and straight; there was ample distance between the truck and the car when the truck changed lanes; the turn signals on the truck were operating; all of the other lights on the truck were working properly; defendant’s car struck the rear of the truck while the truck was traveling away from the car at twenty to twenty-five miles per hour; the force of the impact broke the rear axle of the trailer loose from the frame and caused extensive damage to the automobile, this after the automobile left seventy-three feet six inches of skid marks.
In the light of the evidence of defendant’s intoxication and the resulting circumstances of the accident, we conclude that the trial court did not err when it denied the motion for judgment of acquittal.
The judgment of conviction is affirmed.
DUNN, MORGAN and FOSHEIM, JJ., concur.
HENDERSON, J., concurs specially.

. SDCL 22-16-20 states:
Any reckless killing of one human being by the act or procurement of another which, under the provisions of this chapter, is neither murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree. Manslaughter in the second degree is a Class 4 felony.

. SDCL 23A-5-6 provides in part:

The grand jury must appoint one of its members as clerk, who must preserve minutes of its proceedings and of the evidence given before it. The clerk shall keep a record of the number of the jurors concurring in the finding of every indictment, but not the votes of the individual members, and shall file the record with the clerk of the court, but the record shall not be made public except on the order of the court.

. We do not hold that the failure to preserve grand jury minutes is a trivial error, as the State contends. Indeed, we suggest that in charging grand juries pursuant to SDCL 23A-5-6, our trial courts emphasize the importance of the duty of the designated clerk to preserve and file the minutes of the proceedings. Whether the trial court in the instant case *864 should have taken some action to bring the grand jury clerk before the court to answer for his apparently casual disregard of the court’s order is a question on which we intimate no opinion.