**Leonard KOST, Petitioner and Appellant,**

v.

**STATE of South Dakota, Respondent and Appellee.**

**No. 14186.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 28, 1983.

Decided Feb. 1, 1984.

Scott C. Petersen of McFarland, Petersen & Nicholson, Sioux Falls, for petitioner and appellant.

Mark Smith, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

MORGAN, Justice.

This appeal arises from a petition for post-conviction relief filed by appellant Leonard Kost (Kost). The trial court denied relief and Kost appeals. We affirm.

On May 4, 1978, Kost was found guilty of manslaughter in the first degree by a jury. Kost admitted he shot Josephine Graber (victim) four times with a .22 caliber rifle. Judgment was entered and sentence was imposed by Judge Ernest W.

Hertz. Judge Hertz sentenced Kost to life imprisonment in the South Dakota State Penitentiary. On direct appeal, this court affirmed Kost's conviction. *State v. Kost*, 290 N.W.2d 482 (S.D.1980). On or about March 19, 1981, Kost filed his first petition for post-conviction relief [1] alleging he was denied effective assistance of counsel. Subsequent to a hearing held on April 20, 1981, the trial court denied relief. That petition is not before this court on this appeal. On April 19, 1982, Kost filed his second petition for post-conviction relief. An evidentiary hearing was held on May 25, 1982, and subsequently, the trial court denied relief. The trial court granted a certificate of probable cause and Kost appeals.

The sole issue presented on this appeal is whether Kost was denied due process since he was not present at every portion of the criminal proceeding against him.

■ Our state constitution provides: "In all criminal prosecutions the accused shall have the right to defend in person and by counsel; to demand the nature and cause of the accusation against him; to have a copy thereof; to meet the witnesses against him face to face ...." S.D. Const. art. VI, § 7. The United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him ... and to have the assistance of counsel for his defense." U.S. Const. amend. VI. This constitutional right requires that a defendant be present at every aspect of trial. *Lewis v. United States*, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892). Due process requires the defendant "to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness (sic) of his opportunity to defend against the charge." *Snyder v. Massachusetts*, 291 U.S. 97, 105–6, 54 S.Ct. 330, 332, 78 L.Ed. 674, 678 (1934). This question arises under both the federal constitution and our state

---

1. In 1983 the South Dakota Legislature repealed SDCL ch. 23A–34 (Post Conviction Proceedings) effective July 1, 1983. *See* 1983 S.D.Sess.L. ch. 169, § 15.

constitution, and our decision rests on both federal and independent state grounds.

In *State v. Swenson*, 18 S.D. 196, 99 N.W. 1114 (1904) and *State v. Pearse*, 19 S.D. 75, 102 N.W. 222 (1905), this court examined defendants' contentions that they were not present at every stage of trial. In *Swenson*, this court stated:

> Where a felony is charged, the defendant is also required to be personally present at the time of arraignment, when the verdict is received, and when judgment is pronounced. His personal presence is not necessary at times other than those prescribed by the statute.

18 S.D. at 204–05, 99 N.W. at 1116 (citations omitted). Our statute, SDCL 23A–39–1 requires "[a] defendant shall be present at his arraignment, at the time of his plea, at every stage of his trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as provided by §§ 23A–39–2 and 23A–39–3." [2] Kost initially claimed that his constitutional rights were violated since he was not present during the impaneling of the jury and three in-chambers discussions. Subsequently, he withdrew his claim concerning absence during the impaneling of the jury because, as he admits, he voluntarily absented himself at that time. Consequently, the focus of this post-conviction proceeding is whether Kost's presence was required at the three in-chambers discussions.

Following an evidentiary hearing on this issue, the trial court made the following findings:

> 2. During the Petitioner's trial in May 1978, several in-chambers hearings took place concerning various questions of law. These hearings involved the following motions: sequestration of witnesses; exhibition of evidence; and directed verdict. There were also two separate in-chambers hearings on the settling of jury instructions.

> 3. The record of the Petitioner's jury trial indicates that he was not present at any of the in-chambers hearings described above in paragraph 2.

State concedes that Kost was not present during: (1) the in-chambers hearing on Kost's motion to sequester the State's witness; (2) the in-chambers discussion concerning the exhibition of certain evidence; (3) the in-chambers discussion of the motion for directed verdict and review of proposed jury instructions. The record shows that, at each of these hearings, either the trial judge or the state's attorney inquired as to Kost's absence. In each instance, Kost's attorney waived Kost's right to be present at the hearing. Kost, however, contends that the right to be present at one's felony trial is a personal right and can only be waived by a defendant personally. *See* *State v. Grey*, 256 N.W.2d 74 (Minn.1977); *People v. Montgomery*, 64 Mich.App. 101, 235 N.W.2d 75 (1975). Kost argues that the actions of his counsel did not operate as a valid waiver.

We do not, however, have to reach this question of waiver. According to Kost, this court must reverse his conviction unless the State shows beyond a reasonable doubt that the deprivation was not prejudicial. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Chapman, supra*, involved extensive adverse comments by the prosecution upon a defendant's failure to testify in a state criminal trial. In addressing whether an error involving the deprivation of a constitutional right can be held harmless, the Supreme Court held "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24, 87 S.Ct. at 828, 17 L.Ed.2d at 710–11.

■ In *State v. Rosales*, 302 N.W.2d 804 (S.D.1981), this court described prejudicial error as "that which in all probability must have produced some effect on the final

---

**2.** SDCL 23A–39–2 provides that a defendant may voluntarily absent himself from the trial. SDCL 23A–39–3 provides that a defendant need not be present when the defendant is a corporation, in a prosecution for misdemeanors, or at a hearing to reduce a sentence.

result." *Id.* at 807. Accordingly, the State has the burden to show that Kost was not prejudiced by his absence from these aspects of trial. *See State v. Snyder*, 223 N.W.2d 217 (Iowa 1974). State, here, has met that burden.

■■■ A defendant must be present when his presence is related to an opportunity to defend himself against the criminal charge. *Snyder v. Massachussetts, supra.* "The general rule is that an accused has the right to be present at all stages of the trial when his absence might frustrate the fairness of the proceedings." *State v. Anderson*, 207 Neb. 51, 296 N.W.2d 440, 452 (1980); *see People v. Villarreal*, 100 Mich. App. 379, 298 N.W.2d 738 (1980); *May v. State*, 97 Wis.2d 175, 293 N.W.2d 478 (1980). Kost's absence from these discussions was not error because his presence was not necessary to defend against the charges. At the first in-chambers discussion, Kost's attorney merely requested that the State's witnesses be sequestered and the judge granted that motion. Not only was there no discussion but, also, since the judge granted the motion, Kost suffered no prejudice due to his absence.

At the second hearing, Kost's counsel moved to have State keep the victim's blood-stained clothing in a bag after introduction into evidence. After a brief discussion concerning what the state's attorney was going to do with this evidence, the judge granted this motion. Since there was minimal discussion and this motion was also granted, Kost suffered no prejudice due to his absence.

At the third hearing, Kost's counsel moved for a directed verdict. Obviously, Kost's presence would not have affected the judge's consideration of this motion. The motion was not granted but, on direct appeal, this court thoroughly reviewed this issue and affirmed the trial court's denial of that motion. *State v. Kost, supra.* Also at this hearing, the proposed jury instructions were discussed. Kost's counsel, who was trained in law, did not take exception to any of the proposed instructions. Since Kost is not trained in the law,

we fail to see how his absence could frustrate the fairness of that proceeding. Further, the court noted that the defendant requested only one instruction, which was on diminished capacity and that instruction was included in the jury instructions. Thus, since Kost's requested jury instruction was given and Kost's counsel did not take exception to any of the remaining instructions, Kost did not suffer any prejudice due to his absence from this hearing.

The record clearly shows that Kost's presence at these hearings would not have affected the final result. This is all that is required by our state's *Rosales* standard. Kost's presence at these hearings was not necessary to his defense against these charges and, consequently, his absence from these hearings was not prejudicial error. State has also met the *Chapman, supra,* standard in this case and shown beyond a reasonable doubt, that Kost's absence was not prejudicial.

We affirm.

All the Justices concur.