**RESENTENCING – RESENTENCING AFTER REMAND – INCREASED SENTENCE**

Statutorily-mandated increase in time until parole eligibility upon resentencing, despite aggregate term of incarceration remaining the same, is imposition of a more severe sentence prohibited by Md. Code, Courts and Judicial Proceedings § 12-702(b).

Circuit Court for Wicomico County
Case No. 22K-16-000031

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1416

September Term, 2017

_____

PHILIP DANIEL THOMAS

v.

STATE OF MARYLAND

_____

Kehoe,
Nazarian,
Raker, Irma S.
 (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Raker, J.

_____

Filed:  November 28, 2018

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document " authentic.



Suzanne C. Johnson, Acting Clerk

Appellant Philip Daniel Thomas was resentenced in the Circuit Court for Wicomico County to a term of incarceration of eighteen years for kidnapping, with the sentence for second-degree assault merged, and one year concurrent for driving under the influence. Appellant presents the following question for our review:

"Did the trial court on remand impose an illegal sentence?"

We shall hold that the trial court imposed an illegal sentence because upon resentencing appellant, the court increased his sentence. Accordingly, we shall vacate appellant's sentences and remand to the circuit court for resentencing.

I.

Appellant was convicted on June 15, 2016, in the Circuit Court for Wicomico County of kidnapping, second-degree assault, false imprisonment, driving under the influence, and driving while impaired.[1] The trial court imposed a total sentence of eighteen years' incarceration as follows: a term of incarceration of fifteen years for kidnapping, three years to be served consecutive to second-degree assault, and one year concurrent for driving under the influence.[2] On appellant's direct appeal, this Court held that appellant's sentence for second-degree assault merges into his kidnapping sentence, vacated all of appellant's sentences, and remanded for resentencing with instructions that "the total of

---

[1] Because the sole issue in this appeal relates to the trial court's resentencing, we will not recite the underlying facts of appellant's criminal charges and will focus only on the facts related to his resentencing.

[2] The court merged false imprisonment into kidnapping for sentencing purposes.

appellant's new sentences not exceed the current total of eighteen years' imprisonment."

*Thomas v. State*, No. 997, Sept. Term 2016 (filed June 8, 2017).

At resentencing, the State and defense counsel presented their recommendations to the trial court as follows:

> "[THE STATE]: We'd point out that the guidelines on count one, kidnapping, are twelve to eighteen years. I think the simplest way is to keep the sentence exactly the same, asking for eighteen years on the kidnapping; count two, assault second degree will merge into the kidnapping pursuant to the mandate; count three merges pursuant to the mandate and Your Honor's sentencing at trial, and . . .
>> Count three is false imprisonment . . .
>> And then the DUI we ask for the same sentence, again one year concurrent . . .
>> So we end up exactly where we left off. It's an eighteen-year sentence. It complies with, I think, sort of the exact instructions of the Court of Special Appeals. That's our request . . .
>
> [DEFENSE COUNSEL]: I guess the short response that I would make, Your Honor, is I don't think that that's the cleanest way to take care of this problem. And I think it actually creates a new problem. *The new problem is the nature of kidnapping is considered a violent crime for parole purposes, second-degree assault is not considered a violent crime for parole purposes, so were the Court to follow what [the State] is asking the Court to do, which is to reimpose an eighteen-year total sentence but to have it all be pursuant to kidnapping, what the Court is, in effect, doing is imposing a more severe sentence than was previously imposed.*
>
> THE COURT: How could it be more severe than previously imposed?
>
> [DEFENSE COUNSEL]: Well, it's more severe because you're imposing, in effect, three additional years with respect to kidnapping.
>
> THE COURT: You mean [it] was fifteen years before?

2

[DEFENSE COUNSEL]: Correct.

THE COURT: Oh.

[DEFENSE COUNSEL]: And so I think actually the safest course of action, in order to obviate any sort of claim that we might make, and would make, that what you're really doing is increasing [appellant's] sentence after a resentencing hearing, would be to . . . reimpose the fifteen-year sentence pursuant to the kidnapping conviction and either run all other sentences concurrent with or merge them into the conviction for kidnapping.

\*\*\*

THE COURT: My intention was to give you eighteen years. It was a horrific experience for that young lady. I remember the trial. And the guidelines range is something to eighteen years anyway.

[THE STATE]: The guidelines were twelve to eighteen, and the Court of Special Appeals, different than what [defense counsel] is telling Your Honor, if you look at page twenty-nine and thirty [of its opinion], it specifically tells Your Honor the sentence is not to exceed the current total of eighteen years. It does not elevate the sentence, and he's free to raise whatever they want after that. I'm hoping the Court doesn't reward him by giving him three years off his sentence.

THE COURT: [Defense counsel], you get the last word if you want it.

[DEFENSE COUNSEL]: Your Honor, I'm just saying it creates another issue that's going to go up on appeal. If the Court disagrees with me, it's fine. I'm just saying it makes, it makes it so much simpler because there's, I think there's a pretty clear argument that giving him eighteen years on kidnapping is a more severe sentence than fifteen years on kidnapping—

THE COURT: You can make that argument.

3

> [DEFENSE COUNSEL]: —consecutive to three years on second degree assault.
>
> THE COURT: Your appellate people can make that argument if they want. But the right thing to do in my heart is to impose an eighteen-year sentence, which is what I'm going to do."

The trial court resentenced appellant to a term of incarceration of eighteen years for kidnapping, merged the assault count, and reimposed the concurrent one-year sentence for driving under the influence. This timely appeal followed.

## II.

Before this Court, appellant argues that the delay in his parole eligibility upon resentencing is the imposition of a "more severe" or "increased" sentence, which is an illegal sentence prohibited by Md. Code, Courts and Judicial Proceedings, § 12-702(b). An inmate convicted of a *violent* crime, as defined by Md. Code, Criminal Law, § 14-101(a), is not eligible for parole until after serving the *greater* of "1. One half of the inmate's aggregate sentence for *violent* crimes; or 2. One fourth of the inmate's total aggregate sentence." Md. Code, Correctional Services, § 7-301(c)(1)(i) (emphasis added). Appellant's original parole eligibility was set at seven and a half years, i.e., one half of his original fifteen-year sentence for the *violent* crime of kidnapping, which was greater than four and a half years, i.e., one fourth of his total aggregate sentence of eighteen years (that included three years consecutive for the *non-violent* crime of second-degree assault). Upon merging the kidnapping and second-degree assault convictions and resentencing appellant to the same eighteen-year aggregate term, *albeit* solely for the violent crime of kidnapping,

4

appellant's new parole eligibility increased to nine years, i.e., one half of his new eighteen-year sentence for kidnapping.

Appellant acknowledges the aggregate approach delineated in *Twigg v. State* that "a defendant's sentence will be considered to have increased under [Md. Code, Courts and Judicial Proceedings] § 12-702(b)[3] only if the *total* sentence imposed after retrial or on remand is greater than the originally imposed sentence." *Twigg v. State*, 447 Md. 1, 30, 133 A.3d 1125, 1142 (2016) (emphasis added). He maintains nevertheless that his new sentence is an increase that is not sanctioned by *Twigg* because "[a] delay in parole eligibility works [as] an increase in sentence."

The State argues that appellant's new sentence is not a "more severe" or "increased" sentence. First, the State points out that *Twigg* prohibits only an aggregate sentence that exceeds the original sentencing package and that appellant will not serve more than his original eighteen-year sentence. Second, the State claims that the "ancillary effect" of delaying appellant's parole eligibility is not relevant to the § 12-702(b) analysis because parole is an executive function outside of the purview of courts. According to the State, the statute "does not, and was never intended to, address changes in parole eligibility," meaning that the statute does not prohibit such change, and the statute is "the only source of non-constitutional limits on resentencing."

---

[3] All subsequent Maryland statutory references herein shall be to Md. Code, Courts and Judicial Proceedings.

III.

The interpretation of a statute is a question of law, which we review *de novo*. *Shealer v. Straka*, 459 Md. 68, 80, 184 A.3d 391, 398 (2018). The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *Watts v. State*, 457 Md. 419, 430, 179 A.3d 929, 935 (2018).

Section 12-702(b) prohibits, absent certain justifications,[4] a court from imposing a "more severe" sentence on resentencing or retrial as follows:

> "(b) If an appellate court remands a criminal case to a lower court in order that the lower court may pronounce the proper judgment or sentence, or conduct a new trial, and if there is a conviction following this new trial, the lower court may impose any sentence authorized by law to be imposed as punishment for the offense. However, it may not impose a sentence *more severe* than the sentence previously imposed for the offense unless:
>
> > (1) The reasons for the *increased sentence* affirmatively appear;
> > (2) The reasons are based upon additional objective information concerning identifiable conduct on the part of the defendant; and
> > (3) The factual data upon which the *increased sentence* is based appears as part of the record."

*Id.* (emphasis added). This rule comes from the analysis in *North Carolina v. Pearce*, 395 U.S. 711 (1969), of the Due Process Clause of the Fourteenth Amendment, explaining as follows:

> "Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may

---

[4] The State maintains that these justifications do not apply in appellant's case.

unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge."

*Id.* at 725 (footnote omitted).

In enacting § 12-702(b) in 1973, the Maryland General Assembly "adopted not only the *Pearce* doctrine but also significant portions of the *Pearce* language as the statutory policy of Maryland." *Jones v. State*, 307 Md. 449, 454, 514 A.2d 1219, 1222 (1986); *see also Sweetwine v. State*, 288 Md. 199, 214, 421 A.2d 60, 68 (1980) ("[§ 12-702(b)], which incorporates the language of the *Pearce* opinion almost verbatim, was intended by the General Assembly to codify the *Pearce* due process holding.").

Whether a delay in appellant's parole eligibility is an "increased" sentence or a "more severe" sentence prohibited by § 12-702 is a matter of first impression in Maryland. As far as we are aware, all federal and most of the state appellate courts that have considered this matter agree as follows: when the minimum term of incarceration before parole eligibility is set by statute, as opposed to being left entirely to the discretion of a parole commission board, a delay in parole eligibility upon resentencing, absent justification, constitutes a prohibited "increased" or "more severe" sentence.

Appellate courts employ the same reasoning found in *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653 (1974), which reads as follows:

"In concluding in *Bradley* [*v. United States*, 410 U.S. 605, 611 (1973)] that ineligibility for early parole under 18 U.S.C. § 4208(a) was part of the 'prosecution,' we reasoned that, since a District Judge's decision to make an offender eligible for early parole is made at the time of entering a judgment of

7

conviction, the decision was part of the sentence and therefore also part of the 'prosecution.'

Similarly, a pragmatic view of sentencing requires the conclusion that parole eligibility under 18 U.S.C. § 4202 is also determined at the time of sentence. *Since, under § 4202, an offender becomes eligible for parole after serving one third of his sentence, . . . parole eligibility is a function of the length of the sentence fixed by the district judge. Although, of course, the precise time at which the offender becomes eligible for parole is not part of the sentence . . . it is implicit in the terms of the sentence . . .* [T]he fact that the Board of Parole, not the sentencing judge, finally determines whether and when an offender should be released on parole does not undercut our conclusion that the district judge, at the time of sentencing, determines when the offender will become eligible for consideration for parole and the Board's action simply implements that determination."

*Id.* at 658–59 (emphasis added) (footnote omitted). When a statutory provision determines parole eligibility, *Warden* distinguishes between the eligibility for and granting of parole and reasons that eligibility is "a function of the length of the sentence fixed by the [trial] judge," while granting parole falls outside the purview of the sentencing court. *Id.* at 658. *Pearce* involved an increase in the total years of incarceration upon resentencing. The Supreme Court, however, "couched its due process analysis in terms of the severity of the sentence rather than its length," and hence the fact that a defendant was resentenced to the same number of years is not "dispositive" in a *Pearce* analysis. *United States v. Hawthorne*, 532 F.2d 318, 324 (3d Cir. 1976).

Most federal appellate courts hold as follows regarding federal sentencing guidelines: "Although a later sentence imposed by a judge is for an identical term of imprisonment as the initial one, it is nevertheless more severe for purposes of due process if it provides for parole consideration later than the initial sentence." *United States v. Bello*,

767 F.2d 1065, 1068 (4th Cir. 1985); *see also United States v. Steele*, 988 F.2d 998, 999 (9th Cir. 1993) (holding that defendant's resentence with same total years was nonetheless "harsher" because resentence was pursuant to a different statute that required serving one third of sentence to become eligible for parole rather than leaving eligibility up to discretion of Parole Commission); *United States v. Pimienta-Redondo*, 874 F.2d 9, 15 (1st Cir. 1989) (holding that defendant's same twelve-year total resentence "was not 'enhanced' at all" under *Pearce* analysis because "[t]here has been no suggestion that . . . retrofitting the sentence . . . caused him some further detriment, say, postponing the likely date of parole . . ."); *United States v. Gilliss*, 645 F.2d 1269, 1283 (8th Cir. 1981) (holding that defendant's resentence from twenty years with parole eligibility after three years to same twenty years but with later parole eligibility was "harsher" or "more severe"); *cf. United States v. Barash*, 428 F.2d 328, 331 (2d Cir. 1970) (holding that *Pearce* rule prohibits, absent the justifications there enumerated, "an increase in the punishment imposed after a conviction on retrial regardless of the form of punishment, whether it is imprisonment, suspended sentence with probation, fine, *or any other corrective measure the court may provide*" (emphasis added)). Even a resentence where the total term of incarceration is less than that of the original sentence is "more severe" if it delays the defendant's parole eligibility. *E.g.*, *State v. Soco*, 508 So. 2d 915, 917–18 (La. Ct. App. 1987) (holding as "more severe" a resentence of thirty-five years without parole eligibility compared to original sentence of ninety-nine years with parole eligibility after thirty-three years).

In its brief, the State relies on *Keawe v. State*, 901 P.2d 481 (Haw. 1995), to support its position. Hawaii law, however, is consistent with the reasoning of *Warden* and our

9

holding in this case. When parole eligibility is *not* set by statute but instead left to the sole discretion of the parole commission board, a resentence of the same total term that nonetheless delays a defendant's parole eligibility is *not* a "more severe" sentence. *See, e.g.*, *Keawe v. State*, 901 P.2d at 489–90; *Fukusaku v. State*, 273 P.3d 1241, 1249 (Haw. Ct. App. 2012).

In Hawaii, an executive agency called the Hawaii Paroling Authority ("HPA") determines parole eligibility. Haw. Rev. Stat. § 706-669. Once a prisoner with an "extended term of imprisonment" serves six months, the HPA must hold a hearing and determine, entirely on its discretion, when the prisoner is to become eligible for parole. *Id.* The Hawaii State Legislature intended to grant the HPA "broad discretion" and "exclusive authority" to determine a prisoner's minimum term of incarceration before eligibility for parole. *Williamson v. Hawaii Paroling Auth.*, 35 P.3d 210, 216 (Haw. 2001).

Addressing a claim that an HPA change in parole eligibility was a more severe sentence, *Keawe* stated that "the terms 'parole' and 'sentence' should not be confused with each other" and that "[w]hile sentencing is the function of the judiciary, the granting of parole is generally the function of the executive branch of government, i.e., the Hawaii paroling authority." *Keawe*, 901 P.2d at 489. Pointing to the "clear distinction between sentencing and paroling" and the language of Haw. Rev. Stat. § 706-609 precluding a *court* from resentencing to a "more severe" sentence, the court held that the statute is inapplicable to cases where a new sentence, no more severe than the prior sentence, results in a longer time until parole eligibility. *Id.* at 490. A subsequent case, *Fukusaku*, reached the same conclusion where the HPA increased the defendant's time until parole eligibility from forty

to fifty years after the court's resentencing. *Fukusaku*, 273 P.3d at 1249. Because the time until parole eligibility is set wholly at the HPA's discretion and not predetermined by statute, it is not a function of a court's sentence. Thus, Hawaii's case law on this issue is consistent with *Warden* because in Hawaii, both eligibility for and granting of parole are executive functions, and neither affects the "severity" of the judge's sentence.

We are aware of only one appellate jurisdiction that does not follow the reasoning of *Warden*: the State of South Dakota. Although parole eligibility is set by statute in South Dakota, per South Dakota Codified Laws § 24-15A-32 or § 24-15-5 (the system for offenders sentenced before July 1, 1996), the state does not separate it from the granting of parole and does not view it as a function of the court's sentence. Instead, the state groups eligibility with the granting of parole, which is an executive act completely unrelated to how a court sentences. *State v. Semrad*, 794 N.W.2d 760 (S. Dakota 2011), held that "[b]ecause parole eligibility is not part of a defendant's sentence, we have recognized that in other contexts judicial acts delaying parole eligibility do not increase a defendant's sentence." *Id.* at 763–64; *State v. Puthoff*, 566 N.W.2d 439, 442 (S. Dakota 1997) (holding that defendant's sentence was not increased when only his parole eligibility was affected).

We decline to follow South Dakota's conceptual assimilation of a statutorily set eligibility for parole, which is not within the discretion of the parole commission board, into the granting of parole, which is. We agree with the majority of the appellate courts, federal and state, that hold that parole eligibility, insofar as it is set by statute and hence predeterminate at the time of a court's sentencing, is a direct function of the court's

11

sentence, such that an increase in the time before becoming eligible for parole is an "increased" or "more severe" sentence prohibited absent justification.

We hold that where the parole eligibility date is set by statute in Maryland, it is a function of the trial judge's sentence. Hence, a resentence that delays a defendant's parole eligibility date, as in appellant's case, is a "more severe" sentence prohibited by § 12-702 absent statutory justification. We vacate appellant's sentence and remand to the circuit court for a new sentencing consistent with this opinion.

**SENTENCES VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR WICOMICO COUNTY FOR A NEW SENTENCING CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY WICOMICO COUNTY.**