#30308-a-SRJ
**2024 S.D. 21**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                         Plaintiff and Appellee,

    v.

TRISTEN S. SIMONSEN,                         Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE DAWN M. ELSHERE
Judge

\* \* \* \*

MANUEL J. DE CASTRO, JR.
Sioux Falls, South Dakota                         Attorney for defendant and
                                                  appellant.


MARTY J. JACKLEY
Attorney General

JOHN M. STROHMAN
Assistant Attorney General
Pierre, South Dakota                         Attorneys for plaintiff and
                                             appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
JANUARY 8, 2024
OPINION FILED **04/10/24**

#30308

JENSEN, Chief Justice

[¶1.]       Tristen Simonsen pleaded guilty to two counts of solicitation of a minor, one count of sexual contact with a minor under the age of sixteen, and one count of rape in the fourth degree.  At the sentencing hearing, the parties did not raise, and the court did not address whether it intended to treat each charge as a separate transaction.  After sentencing, the court signed four separate judgments of conviction and ordered each conviction to be served consecutively.  The same day as the sentencing hearing, the court held another hearing, with only counsel present, to clarify whether it intended to treat each charge as a separate transaction.  The circuit court determined that each charge was the result of a separate transaction.  Simonsen appeals the court's decision, alleging that it improperly enhanced his sentence after it had already commenced.  We affirm.

**Factual and Procedural Background**

[¶2.]       On June 16, 2021, a Brookings County grand jury indicted Simonsen for the following offenses: (1) rape in the first degree in violation of SDCL 22-22-1(1); (2) rape in the second degree in violation of SDCL 22-22-1(2); (3) rape in the second degree in violation SDCL 22-22-1(2); (4) solicitation of a minor in violation of SDCL 22-24A-5(1); and (5) solicitation of a minor in violation of SDCL 22-24A-5(1). Counts 1 and 5 related to acts committed against a minor child, A.Y.; Counts 3 and 4 related to acts committed against a minor child, S.A.; and Count 2 related to acts committed against a third child.  The acts were alleged to have occurred at different times between May 2020 and January 2021.

-1-

[¶3.]    The State later filed an information on October 4, 2022, charging Simonsen with: (1) sexual contact with a child under the age of sixteen in violation of SDCL 22-22-7; and (2) rape in the fourth degree in violation of SDCL 22-22-1(5). A.Y. was alleged to be the victim in Count 1, while S.A. was alleged to be the victim in Count 2.

[¶4.]    On the same day the State filed the information, Simonsen signed an advisement of rights and authorization to plead guilty. Later that day, the circuit court held a change of plea hearing where Simonsen pleaded guilty to two of the counts in the indictment: Count 4 (solicitation of S.A.) and Count 5 (solicitation of A.Y.). Simonsen also pleaded guilty to Counts 1 and 2 of the information. In exchange for Simonsen's guilty plea, the State dismissed the remaining three charges in the indictment.

[¶5.]    During the change of plea hearing, the State set forth a factual basis for the charges against Simonsen. The State indicated that "[o]n or about the 31st of January 2021, [Simonsen] did engage in sexual contact with A.Y., such sexual contact being that of the touching of the genitalia of [Simonsen] with the intent to arouse or gratify the sexual desire of either party at a time when it was prohibited based upon A.Y.'s age." It further stated that "on or about January 31st of 2021 and March 31st of 2021, [Simonsen] through electronic means did solicitate A.Y. to encourage her to engage in a prohibited sexual act, that being . . . oral sex at a time that it would have been prohibited based upon the age of the parties[.]"

[¶6.]    In relation to the acts committed against S.A., the State advised that "on or about October 1st of 2020, [Simonsen] did have sexual intercourse with S.A.

at a time when S.A. was 13 years of age or more, but less than 16 years of age, at a time that [Simonsen] was 18 and more than 3 years older than S.A." In relation to the second solicitation charge, it stated "[Simonsen] did also solicit S.A. on or between October 1st of 2020 and January 1st of 2021 to engage in a prohibited sexual act, that being sexual intercourse, at a time when it would have been illegal based upon the ages of [Simonsen] and S.A." Simonsen admitted to the factual basis. The court accepted Simonsen's guilty pleas and set sentencing for a later date.

[¶7.]        At sentencing, the State requested each charge to run consecutively and argued that "it's important that [the solicitation charge] have its own sentence as well and be recognized as a separate, a different incident." In addition, the State also argued that the second solicitation charge "happened after Count 1 of the information and so that would be a different incident." In reaching its sentencing decision, the court stated:

> On the sexual contact with a child under the age of 16, it will be a judgment of the Court that the defendant be imprisoned in the state penitentiary for a term of 15 years. I'm going to suspend 5 years of that sentence on terms and conditions that I'll set forth after I give all of the sentences.
>
> On the rape in the fourth degree count, I'm going to sentence the defendant to the penitentiary for a term of 15 years and I'm going to suspend 5 years of that sentence on conditions.
>
> As to the solicitation of a minor in Count 4, I'm going to sentence the defendant to 5 years in the state penitentiary and suspend 3 of those years.
>
> And then finally as to Count 5, I'm going to sentence the defendant to 5 years in the state penitentiary and suspend 3 of those years. All of those sentences will run consecutive to each other.

After the sentencing hearing, the court signed and entered four separate judgments of conviction that were consistent with its oral sentencing decision.

[¶8.] A few hours after sentencing, counsel requested an additional hearing to discuss the court's earlier sentencing decision. Both attorneys appeared, but Simonsen was not present because he was being transported by law enforcement to the South Dakota State Penitentiary. At the outset of the hearing, the court stated,

> there was a request by [Simonsen's counsel] regarding the separate judgments of conviction that were prepared earlier and signed by the court and so we scheduled this hearing to make our positions known on the record and the court can make a decision about it because the court did not address this in any way, shape or form during the previous sentencing.

[¶9.] After hearing arguments from both parties, the court stated that the decision to treat the charges as separate transactions "was not addressed earlier on the record, but it was the court's intent to treat these as separate transactions for purposes of [SDCL 23A-27-4]."∗ The court reasoned that "these [incidents] took place with different victims at different times . . . making it two different and actually four different transactions. So for that reason, I will treat them all as separate transactions under the statute and it was correct for the court to grant and sign four separate judgments of conviction[]."

---

∗ SDCL 23A-27-4 provides in relevant part that "[i]n the case of multiple convictions arising from different transactions, a separate judgment of conviction shall be entered for each conviction."

[¶10.]     Simonsen appeals raising a single issue:

> 1.     Whether the circuit court improperly enhanced Simonsen's sentence, after it had commenced, by concluding that each conviction would be treated as a separate transaction.

**Standard of Review**

[¶11.]     Simonsen's appeal asserts that the circuit court illegally imposed his sentence because it was enhanced after he left the authority of the judicial branch. *State v. Sieler*, 1996 S.D. 114, ¶ 6, 554 N.W.2d 477, 479. When a defendant asserts that their sentence was illegally imposed, this Court is presented with a question of law which we review de novo. *State v. Cook*, 2015 S.D. 46, ¶ 6, 865 N.W.2d 878, 880 (citing *State v. Berget*, 2014 S.D. 61, ¶ 48, 853 N.W.2d 45, 65).

**Analysis**

[¶12.]     "'Sentences imposed in an illegal manner are within the relevant statutory limits but are imposed in a way which violates defendant's right' to not have his sentence enhanced once the defendant has left the judicial branch of government and is within the jurisdiction of the executive branch." *Sieler*, 1996 S.D. 114, ¶ 6, 554 N.W.2d at 479 (citation omitted). It is this Court's "well-established rule that '[a]s against an unwilling defendant, a valid sentence cannot be increased in severity after [the defendant] has commenced serving thereof.'" *State v. Ross*, 2018 S.D. 59, ¶ 11, 916 N.W.2d 141, 145 (alterations in original) (quoting *State v. Marshek*, 2009 S.D. 32, ¶ 10, 765 N.W.2d 743, 746). A "sentence commences as soon as the prisoner suffers some confinement in the custody of a sheriff." *State v. Ford*, 328 N.W.2d, 263, 267 (S.D. 1982). Thus, there is a general prohibition against a written sentence increasing the severity of an earlier

pronounced oral sentence. *State v. Puthoff*, 1997 S.D. 83, ¶ 4, 566 N.W.2d 439, 441 (citation omitted).

[¶13.] Simonsen argues that the circuit court improperly enhanced his sentence after he already began serving his sentence, when it held a motions hearing on March 29 and confirmed that each of his convictions were treated as separate transactions. He argues that the court's declaration enhanced his sentence by delaying his future eligibility for parole because the court did not state its intent to treat each charge as a separate transaction until after he began serving his sentence. The State responds by citing *State v. Sieler* and argues that the motions hearing did not enhance or change Simonsen's sentence because any change only affected his parole eligibility date.

[¶14.] There is no dispute that Simonsen was serving his sentence at the time the motions hearing was held. Thus, we must determine whether the circuit court's post-sentencing proclamation to treat each charge as a separate transaction was an illegal enhancement of Simonsen's sentence.

[¶15.] "[P]arole eligibility is not part of a defendant's sentence[.]" *State v. Semrad*, 2011 S.D. 7, ¶ 8, 794 N.W.2d 760, 763 (citing *Puthoff*, 1997 S.D. 83, ¶ 6, 566 N.W.2d at 442). Relying on this premise, this Court has routinely held that when a sentencing judgment is amended to only affect a defendant's parole eligibility, it does "not violate the prohibition against the written sentence increasing the severity of the oral sentence." *Puthoff*, 1997 S.D. 83, ¶ 7, 566 N.W.2d at 442; *see also Sieler*, 1996 S.D. 114, ¶ 13, 554 N.W.2d at 481 ("[Defendant's]

sentence was not increased by the words 'separate transaction,' only his parole eligibility is affected by these words.").

[¶16.] The written judgments did not amend or modify the court's oral sentencing decision and the court's subsequent declaration to treat each conviction as a separate transaction only affected Simonsen's future eligibility for parole, if anything at all. And this Court has routinely held that "judicial acts delaying parole eligibility do not increase a defendant's sentence." *Semrad*, 2011 S.D. 7, ¶ 8, 794 N.W.2d at 763–64 (citing *Puthoff*, 1997 S.D. 83, ¶ 7, 556 N.W.2d at 442). Therefore, Simonsen's sentence was not enhanced when the court expressed its intent for each conviction to be treated as a separate transaction.

[¶17.] Nonetheless, Simonsen suggests that the circuit court was required to indicate its intent to treat each conviction as a separate transaction at sentencing. However, neither party asked the court to determine whether the convictions were separate transactions nor did the parties ask the court to otherwise address parole eligibility at sentencing. Further, while a circuit court may address these things at sentencing, SDCL 23A-27-4 does not require the court to do so. SDCL 23A-27-4 only requires that "[i]n the case of multiple convictions arising from different transactions, a separate judgment of conviction shall be entered for each conviction," and each judgment of conviction "shall be signed by the judge and filed with the clerk." Given the absence of any dispute on this record that each conviction arose from separate transactions, Simonsen has failed to demonstrate any error by the court in its oral sentence, or in signing four separate judgments of conviction.

[¶18.] Finally, Simonsen argues that the post-sentence hearing was held in violation of his constitutional rights. He asserts that "[o]ne of the most basic rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *See also Illinois v. Allen*, 397 U.S. 337, 338, 90 S. Ct. 1057, 1058, 25 L. Ed. 2d 353 (1970). Based upon his assertion that the subsequent hearing enhanced his sentence, he argues that he had a constitutional right to be present at the hearing, and his absence was in violation of his confrontation rights.

[¶19.] However, the circuit court's post-sentencing hearing was not an aspect of Simonsen's trial. Nor was it an aspect of his sentencing. As previously discussed, the only potential impact the hearing had on Simonsen was his future eligibility for parole. "The United States Supreme Court has specifically held that a convicted person has no constitutional right to parole." *Sieler*, 1996 S.D. 114, ¶ 13, 554 N.W.2d at 481 (citing *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668, 675 (1979)). Furthermore, SDCL 24-15-1.1 recognizes that granting parole is a discretionary decision. Therefore, "[n]either [SDCL 24-15-1.1] or its application may be the basis for establishing a constitutionally protected liberty, property or due process interest in any prisoner." *Id.* Given that the hearing only impacted Simonsen's parole eligibility, the Confrontation Clause cannot be used as a basis for challenging the validity of the circuit court's determination.

[¶20.] Simonsen was present when the court imposed his sentence. The scope of a defendant's Sixth Amendment right "requires the defendant 'to be present in

his own person whenever his presence has a relation, reasonably substantial, to the fulness [sic] of his opportunity to defend against the charge.'" *Berget*, 2014 S.D. 61, ¶ 52, 853 N.W.2d at 67 (alteration in original) (quoting *Kost v. State*, 344 N.W.2d 83, 84 (S.D. 1984)). When a defendant's presence at a post-sentencing hearing would be "useless, or the benefit but a shadow[,]" the court commits a harmless error when it makes a decision outside of the defendant's presence. *Id.* ¶¶ 52–54; *see also State v. Wilson*, 2020 S.D. 41, ¶ 42, 947 N.W.2d 131, 142 (holding that defendant failed to demonstrate prejudice by his absence at a post sentencing hearing with counsel to modify his sentence). Simonsen was present for his sentencing. Thus, Simonsen's presence at the hearing was unnecessary, and his Sixth Amendment rights were not violated.

[¶21.] Lastly, Simonsen requests this Court to overrule its earlier decision in *Sieler* which determined that a defendant's sentence was not enhanced when the only thing affected was parole eligibility. 1996 S.D. 114, ¶ 13, 554 N.W.2d at 481. Simonsen does not provide any analysis for why *Sieler* was wrongly decided and instead cites legally and factually dissimilar cases from other jurisdictions that pre-date our decision in *Sieler*. *Sieler* relied upon well-established authority from the United States Supreme Court. *See Greenholtz*, 442 U.S. at 7, 99 S. Ct. at 2104 ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. The natural desire of an individual to be released is indistinguishable from the initial resistance to being confined."). Therefore, we decline to accept Simonsen's request to revisit these holdings.

[¶22.]        Affirmed.

[¶23.]        KERN, SALTER, DEVANEY, and MYREN, Justices, concur.